PETER BOTT *vs.* FRANK H. PRATT and another.

April 18, 1885.

**Municipal Corporations—Force of City Ordinance.**—A city ordinance, which is within the authority of the charter of a city, has, for the purposes of the local jurisdiction, the force of law, and is as binding upon all persons within the corporate limits as any statute of the state.

**Same—Violation of Ordinance—Liability for Injury.**—Where the obvious intent and purpose of a statute is to create a legal duty for the protection or benefit of individuals, any person injured through the neglect of another to perform such duty is entitled to a remedy by action against the latter for his damages.

**Same—Leaving Horse Unhitched in Street—Liability for Damages.**—And where, by an ordinance which, in pursuance of its charter, a city has a right to make, it is unlawful for any person to leave a team standing unfastened or unguarded in a public street, *held*, that such ordinance was intended for the protection and benefit of persons travelling on the streets, and that such persons are entitled to maintain an action for damages for any injury suffered by reason of the violation of such ordinance, against any one through whose default such injury occurred.

Appeal by defendants from an order of the district court for Ram-

sey county, *Wilkin*, J., presiding, refusing a new trial, after a verdict of $950 for plaintiff.

*O'Brien & Wilson*, for appellants.

*Wm. Ely Bramhall* and *Gordon E. Cole*, for respondent.

VANDERBURGH, J.   The charter of the city of St. Paul empowers the city council, by ordinance, to compel persons to fasten their horses or other animals attached to vehicles, while standing in the streets; such ordinance to have the force of law within the municipal juris-diction, and to be enforced by the proper penalties.   In pursuance of this provision the following ordinance was passed, and was in force when the accident out of which this action arose, occurred: "It shall not hereafter be lawful for any teamster or driver or owner, or any person or persons having in charge any team attached to any vehicle within the city of St. Paul, to leave the same standing in or along any public street in said city, without being securely hitched or fast-ened, or without being held by some one securely."   The defendants left a team of horses, attached to a wagon loaded with wood, in a public street, standing unhitched, and for the time without being held or in the charge of any one; the driver, defendants' servant, having temporarily left them, to make inquiry in reference to the place of delivery of the wood.   In his absence the team started and ran down Wabasha street, one of the most public thoroughfares in the city, across the bridge over the Mississippi river, and, colliding with the plaintiff's wagon, caused the injury complained of.   There was no evidence showing the particular circumstances which caused the horses to take fright and run away.   But the plaintiff's case rests upon the facts above stated, which are undisputed.

The questions of fact as to the character and extent of plaintiff's injuries, and whether he was guilty of contributory negligence in the premises, and also whether the fact that the team was left unfastened and unguarded in a public street was the proximate cause of the in-jury, were settled by the verdict.   *Milwaukee & St. Paul Ry. Co.* v. *Kellogg*, 94 U. S. 469.

The only question, then, remaining for our consideration, is the question of the liability of the defendants in a civil action for the natural and probable consequences of the unexcused omission of their

servant to fasten the team. We say unexcused, because, in view of the language and purpose of the charter and ordinance, it is manifestly no sufficient excuse that the horses were believed to be gentle, and not vicious, and had never been known to run away. If the action were simply an ordinary action for negligence, in the absence of any statutory duty, these circumstances, with others, might have been considered by the jury in determining the question of negligence,— *Griggs* v. *Fleckenstein*, 14 Minn. 62, (81,)—though, in such an action, the fact that the horses ran away, and were not properly hitched, would be evidence of negligence in not fastening them. *Strup* v. *Edens*, 22 Wis. 432; *Courternier* v. *Secombe*, 8 Minn. 264, (299.) But in refusing defendants' instructions to the jury, the court rested the action upon the breach of the ordinance, and in substance charged them that the fact of so leaving the horses unattended, and of the runaway and injury to plaintiff in consequence, if the jury should so find, established a case against the defendants. The case turns upon the correctness of these instructions.

Highways are dedicated to the use of travellers, and hence it is held to be the law that where horses are unlawfully turned loose or permitted to be at large in a public street by the owner, he is liable for any resulting injury or trespass, without reference to the question of previous knowledge of their vicious disposition or character: *Barnes* v. *Chapin*, 4 Allen, 444; *Goodman* v. *Gay*, 15 Pa. St. 188, 193. In *Barnes* v. *Chapin* the court say, (p. 446:) "It has long been regarded as inconsistent with the safety and convenience of travellers to permit horses to go at large on the highway, and such an act is an offence against our statutes." The difference between that case and this is that while the defendants' horses were rightfully on the public street, they were unlawfully left unguarded. The breach of duty arising from the violation of the statute in one case, and the ordinance in the other, is of the same nature, and the consequences the same, as relating to the safety of persons using the streets. Travellers on a highway would have a right to assume that the statutes referred to were made for their protection, and that they were therefore entitled to the benefit thereof in enforcing a claim for damages against persons through whose neglect to observe the requirements of such stat-

utes they have suffered injury.    And so it is insisted by the plaintiff in this action that this ordinance is binding as law upon the inhabitants of the city; that it was lawfully made for a similar purpose, and involves like duties and responsibilities, as respects persons within the municipal jurisdiction.    This point will be further considered in the course of the opinion.

Wherever a statute creates a duty or an obligation, then, though it has not in express terms given a remedy, the remedy which is by law properly applicable to that obligation follows as an incident. Addison on Torts, § 58; *Parker* v. *Barnard*, 135 Mass. 116; *Patterson* v. *Detroit, etc., R. Co.*, 22 N. W. Rep. 260.    But whether a liability arising from the breach of a statutory duty accrues for the benefit of an individual specially injured thereby, or whether such liability is exclusively of a public character, must depend upon the nature of the duty enjoined, and the benefits to be derived from its performance.    *Taylor* v. *Lake Shore & M. S. R. Co.*, 45 Mich. 74; *Hayes* v. *Mich. Central R. Co.*, 111 U. S. 228, 240; Cooley on Torts, 658.

To illustrate:    *Patterson* v. *Detroit, etc., R. Co., supra*, was an action for damages by a traveller, against defendants, for obstructing a highway in violation of the provisions of a statute prohibiting railway companies from obstructing a street-crossing longer than five minutes.    *Parker* v. *Barnard* was an action for damages by a person injured through defendant's omission, in disregard of a statute, to protect a hatchway by a railing.    *Hayes* v. *Mich. Central R. Co.* is a case where, as in this case, an action for damages was predicated upon the negligent omission to comply with an ordinance which a city had passed under legislative authority, and which was intended as a protection to persons from injuries.    In *Salisbury* v. *Herchenroder*, 106 Mass. 458, plaintiff recovered damages occasioned by the falling of a sign (in an extraordinary gale) which had been suspended by defendant over a street, contrary to a city ordinance, and defendant was not otherwise negligent.    In *Owings* v. *Jones*, 9 Md. 108, 117, the defendant was held liable for consequent damages to a party injured through a negligent omission to comply with the provisions of a city ordinance which provided the mode in which vaults in public

streets should be protected. In *Devlin* v. *Gallagher*, 6 Daly, (N. Y.) 494, a failure to comply with the provisions of an ordinance requiring certain precautions in blasting, was held *prima facie* evidence of negligence, sufficient to support an action by one injured through such default. In *Baltimore City Ry. Co.* v. *McDonnell*, 43 Md. 534, under a city ordinance limiting the speed of cars to six miles an hour, the defendant was held liable if the jury believed from the evidence that the accident would have been avoided if the cars had not been moving at a greater speed. *Johnson* v. *St. Paul & Duluth R. Co.*, 31 Minn. 283; *Correll* v. *B. C. R. & M. R. R. Co.*, 38 Iowa, 120; *Siemers* v. *Eisen*, 54 Cal. 418.

The city ordinance under consideration was undoubtedly intended for the benefit of persons travelling on the streets, and all such persons while so travelling would have the right to expect the ordinance to be observe d and to govern themselves accordingly. *Wright* v. *Malden & M. R. Co.*, 4 Allen, 283; *Lane* v. *Atlantic Works*, 111 Mass. 136.

On the other hand, where the duties enjoined are due to the municipality or to the public at large, and not as composed of individuals, a different rule is intended to apply. This is well illustrated by the cases of *Kirby* v. *Boylston Market Assn.*, 14 Gray, 249, and *Flynn* v. *Canton Co.*, 40 Md. 312, 323, in which it was held that the owners of land abutting on streets were liable to the city alone for the breach of ordinances requiring such owners to keep sidewalks clear of snow and ice, and in good repair, and that they were not liable in damages to persons injured by their neglect to perform the duties enjoined by such ordinances. This proceeds upon the ground that it is the sole duty of the city to keep the streets in good repair, and clear of snow and ice. The work done, and fines or taxes collected, in such cases, to the extent thereof, are to be considered as so far in aid of the city in the discharge of its duty. See, also, *Taylor* v. *Lake Shore & M. S. R. Co.*, *supra; Heeney* v. *Sprague*, 11 R. I. 456. And so, also, generally of ordinances or statutes relating specially to duties due strictly to the corporation or state.

The analogy between statutes and the ordinances of cities is, of course, not to be extended beyond the proper limits of municipal ju-

risdiction. But in matters properly of local cognizance it is necessary and eminently proper that such powers should be committed to the municipality, to be exercised through ordinances which shall be subordinate to and consistent with the general laws, or in proper cases be authorized to take their place. Cooley, Const. Lim. *199. An ordinance which a municipal corporation is authorized to make, is as binding on all persons within the corporate limits as any statute or other laws of the commonwealth, and all persons interested are bound to take notice of their existence. *Heland* v. *City of Lowell,* 3 Allen, 407; *Vandine's Case,* 6 Pick. 187; *Gilmore* v. *Holt,* 4 Pick. 257; *Johnson* v. *Simonton,* 43 Cal. 242, 249.

As respects the ordinance in question, it was, as we have seen, authorized by the charter, was within the proper sphere of municipal legislation, and not inconsistent with or in contravention of general laws, and, though local in its application, it was obligatory upon persons within the limits of the city; and there is no reason why it should not be held to impose a legal duty, such that a civil action for damages might be maintained for a breach thereof, as in the case of like statutory duties. *Hayes* v. *Mich. Central R. Co., supra; Mason* v. *City of Shawneetown,* 77 Ill. 533; *Flynn* v. *Canton Co.,* 40 Md. 312; *Jackson* v. *Shawl,* 29 Cal. 267. Some courts, however, deny the application of the rule in case of city ordinances, and insist that it is applicable solely to laws enacted by the legislature. *Heeney* v. *Sprague,* 11 R. I. 456; *Vandyke* v. *City of Cincinnati,* 1 Disney, (Ohio,) 532; *Philadelphia & R. R. Co.* v. *Ervin,* 89 Pa. St. 71. These were cases arising out of a failure to comply with ordinances similar in character to the one considered in *Flynn* v. *Canton Co.,* and might have been disposed of on the same ground, and were rightly determined without necessarily involving the question we are considering.

A different view is also suggested in *Chambers* v. *Ohio Trust Co.,* 1 Disney, (Ohio,) 327, 336; and in *Knupfle* v. *Knickerbocker Ice Co.,* 84 N. Y. 488, it was held by a divided court that the result of the decisions in New York is that a breach of a municipal ordinance is evidence of negligence merely, to be considered with other facts in the case. But we do not regard the case of much value as an authority. The rule is to be regarded as a common-law rule, and it would hardly

be consistent or reasonable to hold that it might be applicable to an act of the legislature, and inapplicable where the legislature, instead of itself enacting a law, should, in a proper case, expressly authorize a municipal corporation to make the same law for the local jurisdiction. Suppose, for instance, that the legislature had itself expressly enacted the substance of the ordinance in question in the charter, instead of authorizing the city council to enact it: could it be said that in the former case an injured party would be entitled to indemnity, and in the latter not? In this class of cases, therefore, proof of a breach of the ordinance will make a case of negligence; but, of course, the plaintiff must make it appear, as the court properly charged the jury in this case, that the injury complained of resulted from the alleged neglect of the duty thereby imposed; and so defendant may show, as matter of defence, that the accident occurred without his fault, or that the observance of the ordinance was immaterial as respects the plaintiff; as, for instance, in the case of the omission to ring the bell of an engine, of the approach of which the plaintiff otherwise had notice.

Order affirmed.