THOMAS A. BUCKLEY *vs.* EMMA E. HUMASON *et al.*

Argued May 24, 1892. Decided June 15, 1892.

**Contract Invalid.**

Transactions in violation of law cannot be made the foundation of a valid contract.

**Unlicensed Broker's Contract for His Services, Invalid.**

Where a statute or an ordinance, duly authorized and enacted, makes a particular business unlawful for unlicensed persons, any contract made in such business by one not authorized is void.

**Pay for Services Performed in Violation of Law.**

Where, by a valid city ordinance, it was made unlawful for any person to exercise within the city the business of a real-estate broker without a license, *held*, that a person so engaged in negotiating the sale or exchange of real property, in violation of such ordinance, could recover no commissions for his services.

Appeal by plaintiff, Thomas A. Buckley, from an order of the District Court of Ramsey county, *Egan*, J., made October 23, 1891, denying his motion for a new trial.

The defendants Emma E. Humason, Idora Montgomery, and Alice Francisco sold to Augustus K. Barnum certain leasehold property and buildings thereon, called Ogden Flats, in Chicago, Ill., in exchange for Midway property in St. Paul, valued at $175,000. The plaintiff was employed by defendants as their broker at Chicago, and he there procured the purchaser, and acted as their agent in the transaction. He brought this action to recover $4,375 commission for his services. The statutes of Illinois provide that the city council in cities shall have power to tax, license, and regulate brokers. The city council of Chicago under this statute adopted an ordinance, that it should be unlawful for any person to exercise within the city, the business of real estate broker without a license, and fixing the license fee at $25 a year, and providing that any person violating any provision of the ordinance should be subject to a penalty of not less than $25, or more than $100, for every violation thereof. At the time plaintiff undertook the employment and during the time of

the negotiation and exchange, he had no license as a real estate broker, and was acting in violation of this ordinance. These facts were alleged as a defense and were not denied. When plaintiff's evidence was all in, the court dismissed the action, and plaintiff excepted, and on the appeal here, assigned the dismissal as error.

*Stevens, O'Brien & Glenn,* and *Armand Albrecht,* for appellant.

In order to defeat plaintiff's recovery, it must appear that at the time and place in question, he was pursuing the occupation of a real estate broker, within the purview of the Chicago ordinance. It will not be presumed that plaintiff acted in violation of the law. A single special employment to sell land, will not constitute the carrying on of a business, so as to require a license. *Shepler* v. *Scott,* 85 Pa. St. 329; *Brett* v. *Marston,* 45 Me. 401; *Jones* v. *Berry,* 33 N. H. 209.

But if plaintiff was brought within the ordinance as an unlicensed broker, it by no means follows that he cannot recover. In view of divergent authorities, this court has adopted a general rule to determine, whether or not under a license law, a contract made without a license, is void. *Solomon* v. *Dreschler,* 4 Minn. 278, (Gil. 197.)

For some cases holding that the failure to procure a prescribed license will not bar a recovery, see *Harris* v. *Runnels,* 12 How. 79; *Ruckman* v. *Bergholz,* 37 N. J. Law, 437; *Larned* v. *Andrews,* 106 Mass. 435; *Aiken* v. *Blaisdell,* 41 Vt. 655; *Johnson* v. *Hudson,* 11 East, 180; *Brown* v. *Duncan,* 10 B. & C. 93; *Smith* v. *Mawhood,* 14 M. & W. 452; *Woodward* v. *Stearns,* 10 Abb. Pr. (N. S.) 395.

In view of irreconcilable decisions this court adopted the rule laid down by the Federal Supreme Court in *Harris* v. *Runnels, supra;* viz. to examine the statute as a whole, to find out whether or not the makers of it, meant that a contract in contravention of it should be void; or meant that it was not to be so. Neither the infliction of a penalty, nor the purpose of the law, furnishes a conclusive test. The real estate business, when viewed from the standpoint of morals or public policy, is at most indifferent, certainly not immoral. No bond is exacted, no condition imposed, no qualification prescribed. After a tender of the fee, a refusal of a license on grounds of expediency or policy would be an unauthorized restraint upon trade.

*Otis & Godfrey,* for respondents.

It was incumbent upon plaintiff before he could recover in this case, to show that he was a duly licensed real estate broker. The law, and ordinance relied upon, are set out in the answer, and no reply was served. Whenever the illegality of a contract appears upon a pleading or on the proofs, either party may insist upon the law applicable thereto, and the courts will not lend their aid to enforce such a contract. *Handy* v. *St. Paul Globe Pub. Co.,* 41 Minn. 188; *Johnson* v. *Hulings,* 103 Pa. St. 498.

Where a statute or ordinance enacts a penalty for the carrying on of a particular business without a license, no action can be maintained for services performed by one who violates the statute or ordinance in performing them. *Hustis* v. *Pickands,* 27 Ill. App. 270; *Downing* v. *Ringer,* 7 Mo. 585; *Ætna Ins. Co.* v. *Harvey,* 11 Wis. 394; *Woods* v. *Armstrong,* 54 Ala. 150; *Dillon* v. *Allen,* 46 Iowa, 299; *Ingersoll* v. *Randall,* 14 Minn. 400, (Gil. 304;) *Best* v. *Bauder,* 29 How. Pr. 489; *Workingmen's Banking Co.* v. *Rautenberg,* 103 Ill. 460; *Penn* v. *Bornman,* 102 Ill. 523; *Jones* v. *Smith,* 3 Gray, 500; *Anheuser-Busch Co.* v. *Mason,* 44 Minn. 318; *Farrow* v. *Vedder,* 19 Ill. App. 305.

The ordinance in question was held valid by the Illinois court of final resort. *Braun* v. *City of Chicago,* 110 Ill. 186.

VANDERBURGH, J. This action is brought by plaintiff to recover commissions for services as a real-estate agent or broker in procuring a purchaser for certain real estate in Chicago. The cause of action is stated as follows in the complaint: "During the year 1890 the plaintiff, at the special instance and request of the defendants, performed services for said defendants in the city of Chicago, in the state of Illinois, in and about procuring a purchaser for certain property in the state of Illinois, which said services were then and there of the reasonable value of $4,375, and which said sum the defendants agreed and promised to pay plaintiff therefor."

The plaintiff testified that at the time of the alleged services he resided in the city of Chicago. The transactions referred to occurred there, and the negotiations were there concluded, and the contract

and purchase were consummated in that city, and the plaintiff claims to be entitled to the usual commissions charged and received in Chicago for such services. He also testified that he had been previously engaged in the real-estate business in Chicago, as an agent, and sold and exchanged property for others on commission, and the transaction in question appears clearly enough to have been in the line of his regular business as a real-estate agent or broker. In this connection we must observe that it is admitted in the pleadings that during the year 1890, and prior thereto, an ordinance of the city of Chicago, enacted in pursuance of a statute of the state, was in force, which provided that it should not be lawful for any person to exercise within that city the business of real-estate broker, without a license therefor, and defined a " real-estate broker " as a person who, for commissions or other compensation, is engaged in the selling of, or in negotiating sales of, real estate belonging to others. A license fee of $25 per annum is required to be paid by such broker, and any person violating the provisions of the ordinance is subject to a penalty of not less than $25, and to the same penalty for every subsequent violation thereof.

The testimony shows that the plaintiff was using and exercising the business of a real-estate broker in the city of Chicago during the time in question, and in performing the services for which a recovery is sought in this action. It was made unlawful for him to do so by the terms of the ordinance referred to. It was not at all material that the parties for whom he negotiated a sale agreed to take property in St. Paul in payment or exchange for the Chicago property of which plaintiff negotiated a sale, and for which he found a purchaser. The ordinance, which is set out in full in the answer, was valid, and the case as presented by the evidence clearly falls within it. *Braun* v. *City of Chicago,* 110 Ill. 187. It has the force of law within the city of Chicago. *Bott* v. *Pratt,* 33 Minn. 323, (23 N. W. Rep. 237.)

The particular transaction in question was therefore in violation of law, unless he was duly licensed, which was not shown. On the contrary, the answer alleges, and it stands admitted, for want of a reply, that the plaintiff was not duly licensed as a broker. The

plaintiff cannot, therefore, recover his commissions. *Hustis* v. *Pickands*, 27 Ill. App. 270; *Johnson* v. *Hulings*, 103 Pa. St. 501; *Holt* v. *Green*, 73 Pa. St. 198.

Business transactions, in violation of law, cannot be made the foundation of a valid contract; and the general rule is that where a statute makes a particular business unlawful generally, or for unlicensed persons, any contract made in such business by one not authorized is void. Bish. Cont. §§ 471, 547; 1 Pom. Eq. Jur. § 402.

And the contract, being void where it was made and to be performed, will be so held here. Bish. Cont. § 1383.

The case was properly dismissed upon the evidence.

Order affirmed.

(Opinion published 52 N. W. Rep. 385.)