## THE CITY OF AURORA

### *v.*

### JOHN H. SCOTT.

*Opinion filed April 17, 1900—Rehearing denied June 7, 1900.*

1. NEGLIGENCE—*ordinary care under the circumstances is all the law requires.* One who knows of the rough and uneven condition of a street must use corresponding care in driving over it; but ordinary care under all the circumstances, and not the highest degree of diligence, is all that the law requires.

2. SAME—*question of negligence is for jury if minds of reasonable men would differ.* Whether one who knew the uneven condition of a street was negligent in attempting to drive over it at night, seated on top of a book-case loaded in a spring wagon with some books and firewood, is a question of fact for the jury, to be determined from all the facts and circumstances proved.

*City of Aurora* v. *Scott*, 82 Ill. App. 616, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. CHARLES A. BISHOP, Judge, presiding.

W. J. TYERS, and ALSCHULER & MURPHY, for appellant.

HANCHETT & SCOTT, and HOPKINS, THATCHER & DOLPH, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action at law by appellee, against appellant, to recover damages for an injury to his person, alleged to have been caused by the negligence of the city in failing to keep one of its streets in proper repair.

In the summer of 1896 a system of sewers was laid near the center of Galena street, in the city of Aurora, with a number of laterals extending diagonally across the highway. After the pipes were laid the excavations were filled up and the surplus earth ridged up over the

sewer, it being expected that by the settling of the earth the street would become level. After a rain, however, occurring prior to October 6, the ridges settled irregularly, some places below the level and at others remaining in ridges, leaving the surface of the street very uneven. On that day (October 6) appellee was driving along the street soon after dark, and there received the injury complained of, by being thrown from his wagon.

The declaration alleges that the defendant wrongfully and negligently left said street in such rough condition for an unnecessary and unreasonable time, by reason of which, while plaintiff was driving along the same, exercising reasonable diligence to avoid accident, he unavoidably drove his wagon upon said piles of dirt and into said holes, by means whereof he was thrown to the ground and injured, etc.

Upon the trial, at the close of plaintiff's evidence and again at the close of all the evidence, the court was asked to instruct the jury to find for the defendant, but the instruction was refused. The jury returned a verdict for the plaintiff for $2500, and judgment was thereupon entered in his favor for that amount, with costs of suit. The defendant appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and it now prosecutes this appeal.

The chief error assigned and relied upon for a reversal of the judgment below is the refusal of the trial court to give the peremptory instruction asked by the defendant, taking the case from the jury. It is not denied that the evidence produced upon the trial was conflicting as to the fact of defendant's negligence in properly maintaining the street, and that, such being the case, the question was one properly submitted to the jury, but the contention is that the evidence, together with all the inferences which can reasonably be drawn therefrom, neither proves nor tends to prove that the plaintiff himself was at the time of the accident in the exercise of reasonable dili-

gence and care for his own safety. On this branch of the case the plaintiff testified, in substance, that he was returning to his home in Aurora from his farm, just after dark, driving along Galena street with a one-horse spring wagon, loaded with two book-cases, some books and firewood; that he had driven over the street in the morning, going to the farm, and then saw its condition; that in loading the wagon the seat was removed and the cushion placed on one of the book-cases lying on its side, which he occupied as a seat; that in passing over one of the rough places in the street the wagon pitched so far to one side that he was thrown off, striking the ground and receiving serious injury. He testified that he was driving in a walk, kept a tight line on the horse, gave all his attention to the driving, and drove slowly and carefully over the rough places.

It is contended on behalf of appellant that this testimony not only wholly fails to prove due diligence on the part of the plaintiff below to avoid the injury for which he sues, but shows that his own negligence contributed to the accident. The argument is that he was negligent in the manner he was seated upon the wagon, knowing, as he did, the rough condition of the street, and also in driving over the same in a careless manner. It is said his testimony that he drove "carefully" is but the statement of a conclusion, and wholly fails to prove the fact of due care. It will be observed, however, that he does state the manner in which he drove, and it cannot, we think, be seriously claimed that his evidence in that regard does not fairly tend to prove the exercise of proper diligence on his part. It is not contended that the street was so manifestly unsafe as a highway that it was negligence to attempt to pass over it at all. It cannot be fairly said that there was negligence in the manner of loading the wagon or in plaintiff's riding upon the book case as he did. Of course, with knowledge of the roughness of the road he was bound to use corresponding care

to avoid being thrown from his seat; but he was only required to use ordinary care under all the circumstances. He did not, perhaps, use the highest degree of diligence in that regard, but the law made no such demand upon him. Under the facts proved, reasonable minds might well differ upon the question whether he exercised reasonable care or not, which being so, the question was one of fact for the jury. (*Werk* v. *Illinois Steel Co.* 154 Ill. 427, and cases cited.) We are not prepared to say the Appellate Court erred in sustaining the ruling of the circuit court in refusing to direct the jury to find for the defendant.

The other errors alleged to have intervened upon the trial have received consideration and are not regarded of substantial importance. None of them are well assigned. They were properly disposed of by the Appellate Court.

The judgment below will be affirmed.

*Judgment affirmed.*