The Chicago, Rock Island and Pacific Railway Co.

*v.*

John W. Steckman.

*Opinion filed December 22, 1906.*

1. Negligence—*what is not negligence per se on part of driver of a team.* It is not negligence *per se* for a person driving a team hauling a load of household goods to sit on a packing box at the front end of the wagon without any brace for his feet while driving upon a street running alongside of a railroad track, where the team had been driven near railroad trains before and did not appear to be afraid of them.

2. Same—*what questions are settled by the judgment of the Appellate Court.* In an action against a railroad company for causing plaintiff's team to run away, whether plaintiff's team was afraid of the cars and whether defendant's servants were negligent in blowing the locomotive whistle and opening the cylinder cocks when close to the plaintiff's team are questions of fact where the evidence is conflicting, and the judgment of the Appellate Court is conclusive thereof.

3. ORDINANCES—*when ordinance regulating operation of loco-motives is not unreasonable.* An ordinance prohibiting the sound-ing of locomotive whistles within the city limits except for necessary brake and warning signals, and prohibiting the opening of cylinder cocks when the engine is running upon any track laid in any street or when the engine is in immediate proximity to any street or rail-road crossing, except for three revolutions of the drive-wheels in starting, is not unreasonable.

4. SAME—*ordinance regulating operation of railroad trains is presumptively valid.* An ordinance regulating the operation of rail-road trains within city limits is presumptively a valid exercise of police power, and before it can be held to be invalid it must be mani-fest that the discretion of the city authorities has been arbitrarily and unreasonably exercised.

5. EVIDENCE—*when sustaining objection to a question on cross-examination is not error.* Sustaining an objection to the question whether the witness called by the plaintiff to show there was no person or obstruction upon the railroad track making it necessary for the engineer to sound the whistle when opposite plaintiff's team could see the track ahead of the engine as well as could the engineer is not error, upon the alleged ground that the witness was called as an expert.

6. SAME—*extent of examination to test good faith of plaintiff is discretionary with trial court.* Questions asked of the plaintiff in a personal injury case as to the person to whom he first complained of his injury, whether he had inquired where he could present his claim, or whether he had ever presented his claim to defendant be-fore bringing suit, are permissible only to test plaintiff's good faith in bringing suit, and the extent of such examination is largely with-in the trial court's discretion, which will not, in the absence of its abuse, be interfered with by a court of review.

APPEAL from the Appellate Court for the Second Dis-trict;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. W. H. GEST, Judge, pre-siding.

Appellee brought suit in the circuit court of Rock Island county against appellant for personal injuries. The declara-tion alleged that in November, 1898, appellee was driving a team of horses near appellant's tracks in Rock Island, and that the whistle of a passing locomotive was blown and

steam allowed to escape from the cylinder cocks in a loud, shrill and unnecessary manner, wantonly, willfully and maliciously, causing appellee's team to take fright and run away and him to be thrown to the ground and run over by the wagon, breaking and cutting his leg and injuring his hip and head. The declaration also alleged that the blowing of the whistle and opening of the cylinder cocks was done in violation of an ordinance of the city of Rock Island.

Counsel for appellant allege that the ordinance in question is unreasonable and void. Sections 4 and 5 of said ordinance read as follows:

"Sec. 4. No railroad corporation, by itself or agent, shall cause or allow the whistle on any locomotive engine to be sounded within the city, except necessary brake signals and such as may be necessary to prevent injury to persons or property.

"Sec. 5. No railroad corporation shall, by itself or agent, cause or allow the cylinder cock or cocks of any or either of their locomotive engines to be opened so as to permit steam to escape therefrom, at any time while running upon or along any railroad track laid in any street of said city or when the engine is in the immediate proximity to any street or railroad crossing in said city: *Provided, however,* that when such engine shall be standing at such point in said city, and for three revolutions of the driving-wheel after being put in motion, the said cocks may be opened for the purpose of allowing condensed steam to escape."

There have been three jury trials in this case and a verdict for the plaintiff in each instance, and one mis-trial before a jury. The trial court allowed a new trial in one instance. In another the case was taken to the Appellate Court for the Second District and reversed there, being found in 95 Ill. App. 4. In the last trial before a jury the plaintiff obtained a verdict of $3000. On appeal to the Appellate Court that judgment was affirmed, and thereupon the case was appealed to this court.

Jackson, Hurst & Stafford, for appellant.

J. T. Kenworthy, and S. R. Kenworthy, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The record discloses that Steckman, at the time of the injury, was hauling a load of household goods between two towns, which necessitated his passing through Rock Island, Illinois. He was sitting on a packing-box, which was inside and in the front end of the wagon, in such a position as to necessitate hanging his legs outside the wagon box in front, thereby having no brace for his feet in case the horses shied or ran. The cities of Moline and Rock Island are adjoining. Moline avenue runs east and west and is the main traveled street between the business parts of the two cities. In Moline it is north of the tracks of appellant, but after Rock Island is reached Moline avenue turns south, passing under the railroad, and then west again, and passes for some little distance immediately south of the main tracks and yards of appellant. At this point the dividing line between the street and railroad ground is marked by a stone curb about six inches high. The nearest main track of the railroad is about fifteen and one-half feet north of the curb. On November 3, 1898, plaintiff was driving along Moline avenue, and after having passed through a viaduct under the railroad of appellant he drove west, next to the curb. A passenger train bound east came along the nearest track. When about twenty or thirty feet west of plaintiff steam issued from the lower part of the locomotive and came around plaintiff's horses, causing them to shy south. Plaintiff was pulled off the box and landed on his feet astride of the north tug, behind and close against the legs of the horse. About this time the engine gave several whistles. Plaintiff, pulling on the lines, jumped over the tug and fell, and the hind wheel of the wagon passed over

his left leg. The team ran on until stopped further down the street.

At the close of appellee's evidence appellant moved the court to instruct the jury to find the defendant not guilty. This motion was overruled. At the conclusion of the trial, after all evidence was introduced, the motion was renewed and again overruled. It is urged that the court erred in these rulings.

There is evidence in the record tending to show that the plaintiff's team, or at least one of the horses, had run away before; but this question was controverted.

It is claimed that plaintiff was negligent in riding on the box in the front end of the wagon in the manner he did, without having some place to brace his feet; that he might have known that in driving along the railroad tracks and yards on Moline avenue a team was liable to be frightened by the cars. Appellee testified that he had driven his team around the cars before and that they were not afraid of them. Can it be said, as a matter of law, that, no matter how gentle a team appellee was driving, he was negligent in sitting the way he did, even if driving on a level country road? And if not with such a team, under such conditions, can it be said from the record in this case that, as a matter of law, it was negligent for him to so drive the team in question on the street in question? This record does not uphold the contention of counsel for appellant that it would have been good judgment, when appellee saw the train coming from three hundred to six hundred feet away, at the rate of from twelve to fifteen miles an hour, to have hurriedly gotten down from the box to the ground. It would have been difficult, indeed, for him to have gotten onto the ground and in proper position to control the team before the train reached him, and it may well be doubted whether, under such circumstances, he could have controlled it better in that position than from the wagon. "In cases of this kind the question as to whether a person was guilty of contributory negligence is generally

one of fact for the jury, and only becomes a question of law when the evidence so clearly fails to establish due care that all reasonable minds would reach the conclusion that there was such contributory negligence." (*Chicago and Eastern Illinois Railroad Co.* v. *Crose,* 214 Ill. 602; *Libby, McNeill & Libby* v. *Cook,* 222 id. 206.) The instruction to take the case from the jury "can only be given where the evidence given at the trial, with all the inferences that the jury could reasonably draw from it, is so insufficient to support a verdict for the plaintiff that the verdict must be set aside on that ground. * * * If the court would be bound to set aside a verdict, when returned, for want of evidence sufficient to support it, only the evidence favorable to the successful party being considered, a peremptory instruction should be given." (*Illinois Central Railroad Co.* v. *Bailey,* 222 Ill. 480.) With the knowledge that he was driving by a railroad track where trains were liable to come along at any moment, "he was bound to use corresponding care to avoid being thrown from his seat; but he was only required to use ordinary care under all the circumstances. He did not, perhaps, use the highest degree of diligence in that regard, but the law made no such demand upon him. Under the facts proved, reasonable minds might well differ upon the question whether he exercised reasonable care or not, which being so, the question was one of fact for the jury." (*City of Aurora* v. *Scott,* 185 Ill. 539.) Whether appellee's team was afraid of the cars, whether he was driving with due care, whether appellant was negligent in blowing the whistle of its engine or in allowing the stop-cocks of the cylinders to be opened and steam to escape in the manner it did when the engine was opposite appellee's team, are all fairly questions of controversy on this record, and the decision of the Appellate Court is final. *Chicago Consolidated Traction Co.* v. *Schritter,* 222 Ill. 364.

There is some attempt in the briefs to urge that the verdict is excessive. This, also, is a question that is settled by

the Appellate Court and the verdict of the jury. *City of Elgin* v. *Nofs,* 212 Ill. 20; *City of LaSalle* v. *Kostka,* 190 id. 130.

Counsel for appellant urge that the ordinance in question is unreasonable, and that the court committed reversible error in allowing it to be introduced. An ordinance such as this is an exercise of police power, and before the courts hold it unreasonable the want of necessity for such a measure for the public safety must clearly be made to appear. It is presumptively valid, and before held otherwise it must be manifest that the discretion reposed in the municipal authorities has been abused in the exercise of the power conferred, by acting in an arbitrary manner. (*Chicago and Alton Railroad Co.* v. *City of Carlinville,* 200 Ill. 314.) An ordinance very like the one here in question was upheld by this court in *Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* v. *Robson,* 204 Ill. 254. That case we consider decisive as to the validity of this ordinance. It was therefore properly introduced. (*United States Brewing Co.* v. *Stoltenberg,* 211 Ill. 531; *Chicago, Burlington and Quincy Railroad Co.* v. *Yorty,* 158 id. 321.) This being the case, we do not think there was any error in the trial court giving plaintiff's instruction No. 2, which was based fairly on section 5 of said ordinance and the evidence introduced on this trial.

Appellant also insists that error was committed by the trial court in giving for appellee his instructions 1 and 3. Appellee's instruction 1 is based upon section 4 of the ordinance set out in the statement, and on the facts presented in this case raises the question whether allowing the whistle of a locomotive to be sounded in the city, except as a brake or necessary danger signal, would render appellant liable. The objection urged to this instruction is, that it does not conform to the ordinance and was liable to confuse and mislead the jury, because, it is claimed, it held that the whistling, in order to be a defense, must be both a brake signal *and* a signal to prevent injury to persons and property, using the

word "and" instead of "or." Considering the entire instruction together we do not think there was any danger of the jury being misled in this regard. The third instruction stated that if the jury believed, from the evidence, appellee was entitled to recover, then, in fixing the damages, they could take into consideration all the circumstances surrounding the injury, and give such damages as they believed, from the evidence, he had sustained or might thereafter sustain on account of the injury. The objection urged is to the first part of the instruction, which reads: "If the jury find, from the evidence, that the plaintiff is entitled to recover, then in fixing the damages which he ought to recover," etc. It is argued that this part of the instruction should have been modified so as to read: "If the jury find, from the evidence, *under the issues presented by the pleadings,* that the plaintiff is entitled to recover," etc. It is also objected that the words "ought to recover" might mislead the jury into giving punitive damages. We do not think this instruction is fairly open to the criticism offered by appellant.

We have gone over all the instructions given and refused, and we think the jury were fairly instructed on the law of the case.

Witness Andrew Greaser was called by appellee to show that there was no person or obstruction on the track ahead of the train at the time the engine whistled. He appears to have been familiar with the locality, having worked there on the railroad. On cross-examination he was asked if from where he stood, on Moline avenue, he could see the railroad track from the east as well as could the engineer in charge of the train. The court, on objection, refused to allow him to answer the question. It is insisted that as he was presented as an expert witness this was error. We do not think the question involved expert testimony. There was no error in the ruling of the court.

It is also urged that witness William N. Johnson testified: "I knew that there was no place for a man to brace his

feet, and as the wagon went down I felt afraid, and I told him to stop until I got off. After I got off I told him, 'You want to watch, fellow,'" and that this was improperly stricken out on motion of appellee. Even if it were error to strike this out, immediately thereafter the court permitted substantially the same evidence to be given by the same witness over the objection of appellee, hence appellant was not injured.

Appellee was asked, and permitted to answer, over the objection of appellant, how many children he had. While we are of the opinion that the question was not material to the issues herein, we do not think it affected the result of the trial, and it would not, therefore, justify a reversal.

It appears that although this accident is alleged to have happened in November, 1898, suit was not commenced until the summer of 1899, nor had the appellee made any claim against appellant for the injury. This was shown on the trial, and on cross-examination of appellee he was asked, "Who did you first complain of the injury to?" And again, "Did you make any inquiry as to where you could present your claim?" And again, "You say you did not present your claim to the company or any officer of the company before you began your suit?" These questions were objected to by appellee and the court sustained the objection. The only ground upon which it can be claimed that these questions were permissible would be to test the good faith of appellee in bringing suit. As to the extent of questions of this kind the sound discretion of the trial court should govern, and the court of review ought not to interfere unless it can plainly see that this discretion has been abused. We do not think the court erred in refusing to allow these questions to be answered.

There are some controverted questions of fact upon which the judgment of the Appellate Court is final and upon which the testimony may be considered somewhat close, and therefore the rules of law as to admitting evidence and giving instructions should be closely followed. On this ac-

count, and because of the many trials and long continued litigation, we have carefully gone over all the questions raised by appellant. We do not find any reversible error.

The judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.