JESSIE J. AND ALFRED LARSON v. FRANK O. LOWDEN AND OTHERS.[1]

December 9, 1938.

Nos. 31,796, 31,797.

[1]Reported in 282 N. W. 669.

*Samuel A. Anderson* and *Russell M. Carlson,* for appellants.
*O'Brien, Horn & Stringer,* for respondents.

PETERSON, JUSTICE.

These actions arise out of a crossing collision between one of defendants' trains and plaintiff Alfred Larson's automobile, a

Chevrolet coach, at about eight p. m. on the evening of February 19, 1937. Alfred Larson sues to recover damages to his automobile, loss of its use, and damage sustained because of injuries to his wife, Jessie Larson. She sues to recover for personal injuries. Alfred Larson was driving and his wife was a passenger. She sat in the front seat on the driver's right. The train was backing south on a switch track, and plaintiffs were going east on Bayfield street in St. Paul, en route to an airport. Plaintiffs claim that defendants were negligent in failing to have a headlight on the end of the tank heading the train with the front of the engine coupled to a string of boxcars, and failing to warn by sounding a bell or whistle before crossing the street. Defendants claim that they had a light on the tank and that they blew the whistle and rang the bell before crossing. It was dark and a wet snow was falling. About one-half to one inch of snow fell during the six hours preceding the collision. The windows of the car were closed, and the snow had "plastered" the windows and windshield. Alfred Larson testified that the snow-covering on the windshield and windows was not "solid." He had a clear lookout only through a space on the windshield kept clean by a windshield wiper which cleaned a space about one foot wide at the bottom of the swing. The Larsons could not see beyond the edge of the pavement through the other portions of the windshield and the side windows. Just before the collision the car was going 15 to 20 miles per hour. Alfred Larson had driven this route a number of times, knew that the switch track ran north and south across the street a short distance west of the airport, and he knew at the time that they were nearing the crossing but could not see the tracks or warning posts. He saw the airport lights in the near distance and must have known where he was. Larson saw the lights of an automobile approaching from the east, and his wife saw the lights when the automobile was at least 25 feet away. The driver of the approaching car saw the train when it was about 75 feet north of the crossing, but neither he nor the Larsons heard the engine, which was then on the left of the Larsons, backing onto the crossing with a string of boxcars at about ten miles per hour. None of them saw any light on the tank. The tank of the engine collided

with the front portion of Larson's car, which came to rest facing south, alongside the train. Alfred Larson testified that he leaned forward to watch through the clear space on the windshield and could have seen the light on the engine if there had been one. No buildings or other fixed obstructions affected the view of the track at the crossing. Members of the train crew testified that there was a light on the end of the tank at the head of the train, that the bell was ringing, and that a crossing whistle had been given. The verdict was for defendants.

Plaintiffs' assignments of error question the admissibility and validity of an ordinance of the city of St. Paul, and instructions based on the ordinance and the speed statute. The ordinance, which was not pleaded in the answer, provides that it shall be unlawful to ring the bell or blow the whistle of a railroad locomotive within the city "except as a warning against immediate threatened danger, and only upon starting an engine." Although not pleaded, the ordinance was received over plaintiffs' objection. In the instructions it was stated that defendants could not be held negligent for failing to perform what the ordinance prohibited, that the failure to blow the whistle and ring the bell alone was not negligence, that defendants were bound to exercise due care in the operation of their trains, and that it was a fact question whether, under the circumstances, it was the duty of defendants in the exercise of due care to give warning by ringing the bell or blowing the whistle against immediate threatened danger of injury, if any, to plaintiffs.

1 Mason Minn. St. 1927, § 2720-4(b)(1), which was repealed after the accident by L. 1937, c. 464, § 144, provides that a speed in excess of 15 miles per hour is *prima facie* evidence that the operator of an automobile is driving at a speed greater than is reasonable and proper when approaching within 50 feet of a grade crossing of a steam railway when the driver's view is obstructed, and that a driver's view shall be deemed to be obstructed "when at any time during the last two hundred feet of his approach to such crossing he does not have a clear and uninterrupted view of such railway crossing and of any traffic on such railway for a distance of four hundred feet in each direction from such crossing." The instruc-

tions left it to the jury to find the fact whether the driver's view was obstructed by the snow on the windows and the windshield. The jury was instructed that it could find for defendants if they were not negligent, or, in Alfred Larson's case, if he were guilty of contributory negligence, and in the Jessie Larson case, if Alfred Larson's negligence, if any, were the sole cause of the accident.

■ Plaintiffs claim that the ordinance is invalid on the ground that it is unreasonable. It is urged in support of the claim that the ordinance is arbitrary and conflicts with well settled principles of law applicable to the subject matter. No claim is made that the city is not authorized by its charter to legislate upon the subject matter of the ordinance. Ordinances prohibiting the unnecessary ringing of bells and blowing of whistles on locomotives within the corporate limits of a city are reasonable and valid. C. R. I. & P. Ry. Co. v. Steckman, 224 Ill. 500, 79 N. E. 602; Pennsylvania R. Co. v. Hemmer, Admx. 206 Ind. 311, 186 N. E. 285, 189 N. E. 137; McAbee v. Southern Ry. Co. 166 S. C. 166, 164 S. E. 444; Langham v. C. R. I. & P. Ry. Co. 197 Iowa, 1118, 198 N. W. 525; 2 Dillon, Municipal Corp. (5 ed.) § 717, p. 1093; see Pennsylvania Co. v. Hensil, 70 Ind. 569, 36 Am. R. 188; Katzenberger v. Lawo, 90 Tenn. 235, 16 S. W. 611, 13 L. R. A. 185, 25 A. S. R. 681. We assumed that such an ordinance was valid in Gendreau v. M. St. P. & S. S. M. Ry. Co. 99 Minn. 38, 108 N. W. 814. No hard and fast test has ever been adopted by which to determine the reasonableness of ordinances. Regard is had to the purposes and powers of municipal corporations and whether the provisions of the ordinance are appropriate and in themselves reasonable, not simply expedient, under the circumstances, and not oppressive. Northwestern T. E. Co. v. City of Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, 53 L. R. A. 175; Evison v. C. St. P. M. & O. Ry. Co. 45 Minn. 370, 48 N. W. 6, 11 L. R. A. 434. Municipal corporations have no inherent power to legislate and are invested by law with legislative powers for the protection and promotion of the public health, morals, comfort, and convenience. City of St. Paul v. Robinson, 129 Minn. 383, 152 N. W. 777, Ann. Cas. 1916E, 845. Considerations of public safety, comfort, and convenience justify the suppression

of unnecessary ringing of bells and blowing of whistles on locomotives in a city where, as in the city of St. Paul, there are many railroad yards in which there are innumerable engine and train movements. Since the purpose of such signals is to warn, prohibiting the giving of signals except as warnings tends to limit their use for purposes for which they are legitimately intended. Unrestrained and unrestricted bell ringing and whistling tends to become a nuisance to persons not concerned in train operations. The ordinance cannot be said to interfere arbitrarily with the railroad's right to warn of actual danger; warning signals are prohibited only when unnecessary. The ordinance is a reasonable exercise of the city's legislative powers since it prohibits only unnecessary ringing of bells and blowing of whistles without interfering with a railroad's right to give necessary warning signals in the exercise of due care in the operation of its trains.

In the absence of statute or ordinance, unrestricted bell ringing and blowing of whistles, if not such as to be a nuisance, would not be unlawful. Neither at common law nor by statute are railroads given the right to indulge in such practices. A railroad is under no absolute duty, except by statute, to sound the bell or whistle in approaching a crossing with a train, but is only under a qualified duty to do so in the exercise of due care. Brown v. M. & St. P. Ry. Co. 22 Minn. 165; Loucks v. C. M. & St. P. Ry. Co. 31 Minn. 526, 18 N. W. 651. By statute railroads are required in the operation of trains to give crossing warnings at least 80 rods from any place where such railroad crosses a traveled road or street on the same level. 2 Mason Minn. St. 1927, § 10263. Since the statute does not regulate the matter of signals within cities, municipalities are free to adopt their own regulations. Pratt v. C. R. I. & P. Ry. Co. 107 Iowa, 287, 77 N. W. 1064. Ordinances are in the nature of local statutes. Bott v. Pratt, 33 Minn. 323, 23 N. W. 237, 53 Am. R. 47; Buckley v. Humason, 50 Minn. 195, 52 N. W. 385, 16 L. R. A. 423, 36 A. S. R. 637; Evison v. C. St. P. M. & O. Ry. Co. *supra*. Like statutes, they either declare or change the existing law. An ordinance is not unreasonable merely because it forbids acts theretofore innocent and lawful. City of Des Moines v. Manhattan Oil Co. 193

Iowa, 1096, 1110, 184 N. W. 823, 188 N. W. 921, 23 A. L. R. 1322, 1333; 43 C. J. § 319. Cases like City of St. Paul v. Briggs, 85 Minn. 290, 88 N. W. 984, 89 A. S. R. 554, and State v. Stone, 96 Minn. 482, 105 N. W. 187, are not in point. Those cases hold that where the grant to the municipality of power to legislate by ordinance is in language which has a generally accepted meaning according to the well settled principles of law applicable to the subject matter, that meaning will be accepted as defining the scope of the grant. But that is quite a different thing from saying that an ordinance must conform to the well settled principles of law applicable to its subject matter.

■ The cause of action was based on negligence, not violation of the ordinance. An ordinance may prescribe the duty of a party and is admissible as an evidentiary fact for that purpose, both where a violation of the ordinance is asserted as a breach of duty to prove negligence, Faber v. St. P. M. & M. Ry. Co. 29 Minn. 465, 13 N. W. 902; Klotz v. W. & St. P. R. Co. 68 Minn. 341, 71 N. W. 257; note, 16 Ann. Cas. 1064; see 19 Minn. L. Rev. 676; and where compliance with the ordinance is claimed as a performance of duty to show absence of negligence. June v. G. T. W. Ry. Co. 232 Mich. 449, 205 N. W. 181. The ultimate, and not the evidentiary, facts should be pleaded. Since the ordinance is an evidentiary fact in a negligence case, it may be proved without having been pleaded, like any other fact tending to prove or disprove the ultimate fact of negligence. Faber v. St. P. M. & M. Ry. Co. *supra;* Klotz v. W. & St. P. R. Co. *supra;* Cragg v. Los Angeles Trust Co. 154 Cal. 663, 98 P. 1063, 16 Ann. Cas. 1061. The ordinance therefore was admissible without having been pleaded in the answer, to show the defendants' duty with respect to ringing the bell and blowing the whistle.

■ Plaintiffs urge that the instructions based on the ordinance are contradictory and inconsistent in that they state on the one hand that defendants were not liable for omission to do what the ordinance forbade and hence that merely failing to ring the bell or blow the whistle did not constitute negligence, and, on the other hand, that the ordinance was not passed to relieve railroad com-

panies from the performance of any duty to users of the highway and grade crossings. The instructions are to be considered as a whole. When so considered, they correctly informed the jury that the failure to blow the whistle and ring the bell alone was not negligence, since the ordinance prohibited the giving of such warnings except when necessary as above stated, that defendants were bound to exercise due care in the operation of their trains, and that it was for the jury to say under all the circumstances whether it was the duty of the defendants in the exercise of due care to give a warning by ringing the bell or blowing the whistle against immediate threatened danger, if any, to plaintiffs. The ordinance forbids the giving of such signals except in cases of immediate threatened danger of injury. In that respect only it regulates the duty of a railroad as to the giving of warning signals. But it does not forbid the giving of such signals altogether. The instructions correctly applied the ordinance to the fact situation below. L. & N. R. Co. v. Galloway, 219 Ky. 595, 294 S. W. 135. See June v. G. T. W. Ry. Co. 232 Mich. 449, 205 N. W. 181.

■ The statutory test of an obstruction is whether the driver had a "clear and uninterrupted view." Plaintiffs' contention is that an obstruction is something fixed and permanent at the location, which shuts off the view, such as a building or the conformation of the land. It was so held in construing an ordinance in Schwalen v. Fuller & Co. 107 Wash. 476, 182 P. 592, 187 P. 367, 10 A. L. R. 296. But the statute makes no such distinction and is without qualification as to the kind, source, or permanency of the obstruction. An accumulation of snow or dirt on the windshield, or the structure of an automobile, may be just as real an impediment to clear and unobstructed view as a building or an embankment by the roadside. No reason appears for a distinction in favor of obstructions which are due to the driver's fault. See Rintala v. D. W. & P. Ry. Co. 159 Minn. 499, 199 N. W. 562. The purpose of the statute is to promote public safety by requiring drivers to proceed slowly when there is danger of collision due to their inability to see. Obstruction to view is the same regardless of how it is caused. Woodman v. Powers, 242 Mass. 219, 223, 136 N. E. 352, 353. . (In

this case the court said: "It would be too narrow a construction of the statute to hold that it applies to obstructions of a permanent character only.") Ham v. County of Los Angeles, 46 Cal. App. 148, 189 P. 462; Sullivan v. Lutz, 181 Wis. 61, 194 N. W. 25. In a particular case the question is one of fact, as it is here.

Affirmed.