Denton PETERSON, et al., Appellants,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,**
Respondent,

**City of Mentor, Defendant.**

No. C8–86–1149.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 18, 1987.

Russell A. Ingebritson, Ingebritson & Associates, P.A., Minneapolis, for appellants.

Richard V. Wicka, St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying appellants' motion for judgment notwithstanding the verdict or, in the alternative, a

new trial after an adverse verdict in an action for damages arising out of an accident with respondent's train. Appellants contend the trial court erred in denying their motions for judgment notwithstanding the verdict or, in the alternative, a new trial because (1) opposing counsel's comments during final argument violated Minn.R.Civ.P. 49.01(2), and (2) the court erroneously construed Minn.Stat. § 219.567 (Supp.1985).

## FACTS

The facts in this case are undisputed. On November 23, 1977, respondent's train collided with a Crookston Coca-Cola truck in which appellant Denton Peterson, an employee of Crookston Coca-Cola, was riding as a passenger. The collision, which occurred at a railroad-street intersection in Mentor, Minnesota, killed the driver of the truck and left appellant with permanent injuries. Since appellant was within the course and scope of his employment at the time of the accident, he received workers compensation benefits paid by Shelby Mutual Insurance Company on behalf of Crookston Coca-Cola Bottling Company.

Appellants and Shelby Mutual initiated a negligence action against respondent. Respondent then initiated a third-party action against the City of Mentor claiming negligence in connection with its street maintenance and snow removal procedures. Appellants joined the City as co-defendants. Respondent and the City of Mentor joined Crookston Coca-Cola Bottling Company as a third-party defendant.

Prior to trial, respondent, Shelby Mutual and Crookston Coca-Cola entered into an agreement whereby respondent paid Shelby Mutual $200,000 for an assignment of Shelby Mutual's right to recover monies paid on behalf of Crookston Coca-Cola. Under the Minnesota Workers Compensation law, Shelby Mutual then dismissed its claim against respondent. In addition, respondent dismissed its statutory claim for contribution against Crookston Coca-Cola and indemnified Crookston Coca-Cola for any damages.

During the trial, the court ruled as a matter of law that appellant was not negligent, that the Crookston Coca-Cola driver was negligent and that the driver's negligence was a direct cause of the accident. The jury was then left to consider the negligence of respondent and the City of Mentor. Also during the trial, appellants and the City of Mentor entered into a *Pierringer-Naig* type release agreement, which essentially released the City of Mentor from any further liability.

Following a bifurcated trial on the issues of negligence and causation, the jury returned its verdict pursuant to special verdict questions. The jury found respondent not negligent and the Crookston Coca-Cola truck driver one hundred percent negligent and responsible for the accident. Appellants then brought a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied appellants' motion.

## ISSUES

1. Did the opposing counsel violate the scope of permissible comment under Minn. R.Civ.P. 49.01(2) during final argument?

2. Did the trial court erroneously apply Minn.Stat. § 219.567 (Supp.1985)?

## ANALYSIS

On appeal from a jury verdict, all evidence must be considered "in the light most favorable to the prevailing party," and "the verdict must be sustained unless it is manifestly and palpably contrary to the evidence." *Cobb v. Aetna Life Insurance Co.*, 274 N.W.2d 911, 917 (Minn.1979). This court "need only find sufficient, competent evidence reasonably tending to support and sustain the jury's finding." *Krengel v. Midwest Automatic Photo, Inc.*, 295 Minn. 200, 204, 203 N.W.2d 841, 844 (1973).

### I.

Appellants' first contention on appeal relates to the propriety of opposing counsel's comments during final argument. This

case was tried according to Minn.Stat. § 604.01 (1984) (the comparative fault statute) and the jury returned its verdict pursuant to special verdict questions. Ordinarily, comment by the court or counsel on the effect of the jury's answers to special verdict questions on the outcome of the case is prohibited. Minn.R.Civ.P. 49.01(1). An exception to this general rule involves actions where comparative fault is at issue:

> (2) In actions involving Minn.Stat. 1971, Sec. 604.01, the court shall inform the jury of the effect of its answers to the percentage of negligence question and shall permit counsel to comment thereon, unless the court is of the opinion that doubtful or unresolved questions of law, or complex issues of law or fact are involved, which may render such instruction or comment erroneous, misleading or confusing to the jury.

Minn.R.Civ.P. 49.01(2).

During final argument, respondent's attorney made the following comment before the jury:

> If at some point you answer a question if Burlington Northern was negligent and you have to assign a percentage, human nature being what it is, better to give than receive or whatever, I wish you to know that under the law of Minnesota if you find Burlington Northern even one percent responsible, it's equal to finding Burlington Northern 100 percent completely responsible; nothing.

Appellants argue that reference to "one percent responsible" equaling "one hundred percent" exceeds the permissible bounds of Rule 49.01(2). Appellants specifically contend that counsel's comments improperly inform the jury of the legal effect of joint and several liability, the workers compensation statute and *Pierringer* agreements entered into by the parties. According to appellants, opposing counsel's improper comments were incurably prejudicial.

■ When a trial court gives a curative instruction after an objection is made to improper arguments, a new trial should not be granted unless the misconduct was

extremely prejudicial. *Hake v. Soo Line Railway Co.*, 258 N.W.2d 576, 582 (Minn. 1977). A curative instruction usually will mitigate any prejudice resulting from the improper remarks. *Bisbee v. Ruppert*, 306 Minn. 39, 47–48, 235 N.W.2d 364, 370 (1975). We hold that the contested comments were not extremely prejudicial because the trial court provided a prompt curative instruction. Prior to the court's instructions, appellants raised their objections to counsel's comments for the first time. The court offered appellants' counsel an opportunity to submit a remedial instruction; however, the offer was declined because appellants' counsel felt expounding upon the issue would only further confuse and prejudice the jury. The trial court then, on its own initiative, proceeded to provide the following instructions:

> you should not give any consideration as to the legal effect that your percentages will result in in this case because that is not your job. Your job is to determine whether there was negligence, whether the negligence was a cause and to what extent that negligence contributed to the accident and the percentage.

The misconduct was not so extremely prejudicial so as to overcome the mitigating effect of the trial court's specific instruction not to consider the legal effect of negligence percentages.

## II.

■ Appellants also contend they are entitled to a new trial because the trial court erred in its interpretation of Minn.Stat. § 219.567 (Supp.1985), which states:

**219.567. Failure to ring bell**

> *An engineer driving a locomotive on a railway who fails (1) to ring* the bell or sound the whistle on the locomotive, or have it rung or sounded, *at least 80 rods from a place where* the railway crosses a traveled road or street on the same level, *except in cities*, or (2) *to continue ringing the bell or sounding the whistle at intervals until the locomotive and attached train have com-*

*pletely crossed the road or street, is guilty of a misdemeanor.*

*Id.* (emphasis added). Appellants argue that the clause "except in cities" only qualifies the first portion of the statute and does not exempt cities from the overall sound signal requirements. The trial court disagreed with this construction and instructed the jury as follows:

The plaintiffs claim that the Burlington Northern Railroad train did not sound its whistle or horn or ring its bell prior to approaching the Garfield Street intersection in Mentor on [November] 23. A law in the state of Minnesota requires the engineer of a locomotive to ring the bell or sound the whistle on the locomotive or to have it rung or sounded at least 80 rods from a place where the railway crosses a traveled road or street on the same level, except in cities, or to continue ringing the bell or sounding the whistle at intervals until the locomotive and attached train have completely crossed the road or street.

Since the crossing where this accident occurred was in the City of Mentor, the failure of the engineer to ring the bell or whistle did not constitute negligence in and of itself. Burlington Northern claims, as you know, that it did, in fact, blow its whistle and ring its bell some distance east of the crossing where the accident happened.

The trial court's construction of Minn. Stat. § 219.567 comports with interpretative case law. In *Larson v. Lowden,* 204 Minn. 80, 282 N.W. 669 (1938) the supreme court considered application of Minn.Stat. § 219.567. Although *Larson* dealt with the reasonableness of an ordinance prohibiting unnecessary bell ringing, the court explicitly stated that Minn.Stat. § 219.567 "does not regulate the matter of signals within cities." *Larson,* 204 Minn. at 85, 282 N.W. at 672.

Even though the trial court did not apply Minn.Stat. § 219.567, it did not completely ignore consideration of the statute's requirements. In its instructions relating to

respondent's standard of care, the court stated:

Whether the defendant, Burlington Northern Railway, blew its whistle or not, you will consider as a factor in determining if the defendant, Burlington Northern Railway, exercised due care at the time and place.

The trial court stated that the sounding or nonsounding of the bell, the speed of the locomotive and all other attendant circumstances, are jury considerations in determining whether respondent was negligent. The trial court properly adhered to the rule that "the focus of a jury's inquiry should be whether the railroad exercised due care under all of the circumstances of the case before it." *Perkins v. National Railroad Passenger Corp.,* 289 N.W.2d 462, 466 (Minn.1979).

### DECISION

The trial court correctly denied appellants' motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

Affirmed.