TOLUCA, MARQUETTE AND NORTHERN RAILWAY CO.

*v.*

JOEL HAWS *et al.*

*Opinion filed December 18, 1901.*

1. INSTRUCTIONS—*instructions are to be considered as one charge.* While one instruction may omit some needed qualification and appear to be misleading when considered alone, it may not be misleading or improper when considered with the other instructions, and it is sufficient if the instructions, taken as a whole, present the law to the jury with substantial correctness.

2. SAME—*all the instructions given should be contained in the abstract.* If the errors complained of in instructions are of such a nature that they may be cured by other instructions, then all of the instructions given to the jury must be set out in full in the abstract of the record.

3. EMINENT DOMAIN—*admissibility of stipulation as to the manner of constructing railway.* A stipulation signed by the attorneys for a railroad company in condemnation proceedings, concerning the manner of constructing the railway, is not admissible in evidence where no authority on the part of the attorneys to make the stipulation is shown; but the error in its admission is cured where the stipulation is made a part of the judgment, and the rights of the petitioner under the judgment are made subject to the performance of the conditions stated in the stipulation.

4. SAME—*court has no jurisdiction over separate tract of land in another county.* Where there is a single tract of land of one owner lying partly in two counties a condemnation petition may be filed in either county, but the court has no jurisdiction over a distinct tract of land lying wholly in another county.

APPEAL from the County Court of Marshall county; the Hon. B. W. WRIGHT, Judge, presiding.

J. D. SPRINGER, for appellant.

BARNES & MAGOON, for appellees.

HOMER BARNEY, and L. C. McMURTRIE, guardians *ad litem* for minor appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Marshall county awarding compensation to the owners of and others interested in certain lands in Marshall and Putnam counties taken and damaged by appellant for the right of way of its railway.

Appellant has assigned error upon the giving of certain instructions to the jury requested by the appellees, and this is the only error assigned or argued on its behalf. The abstract does not contain all the instructions given to the jury, but omits at least twelve of them. The instructions of the court as to the law are all to be considered as one charge, and the jury are presumed to have considered them in that way. Where one instruction may omit some needed qualification and appear to be misleading when severed from its connection with the other instructions, it may not be misleading or incorrect when read with the others. If the instructions, taken as a whole, present the law to the jury with substantial correctness, it is sufficient. (*Day* v. *Porter*, 161 Ill. 235; *Whitney & Starrette Co.* v. *O'Rourke*, 172 id. 177.) An instruction may be of such a character that its errors cannot be cured by others, but the criticisms of the instructions contained in the abstract would not justify that conclusion as to any of them. There were cross-petitions filed and damages assessed to lands not taken, and the instructions in question relate to elements of damage to be considered by the jury. The elements so stated are proper to be taken into account, and the principal complaint is that the jury might consider them upon the

basis of improper construction of the railway or a failure to comply with the requirements of the law or the terms of a stipulation filed in the case. By the third instruction given at the instance of petitioner, the court told the jury that it had entered into a binding stipulation to do certain things therein stated, and they should not assume that the stipulation would not be performed or assess damages on a basis of a failure to perform it. By the second instruction the jury were given the law of the State on the subject of fences, farm crossings and cattle-guards, and were told to not take into consideration any damages resulting from a failure to comply with these laws. We do not see how the jury could have been misled as to those matters, and where the errors complained of are of such a nature that they can be cured by other instructions, all of the instructions given to the jury must be contained in the abstract. If they are not, it will be presumed that the omitted instructions supply all the necessary qualifications, and that the instructions, taken as a whole, are not incorrect. As a general rule, errors assigned upon the giving of instructions will be considered only when all the instructions given are set out in full in the abstract. (*City of Roodhouse* v. *Christian*, 158 Ill. 137; *Thompson* v. *People*, 192 id. 79.)

Appellees have assigned cross-errors, one of which is the admission in evidence of a stipulation signed by attorneys for petitioner concerning the manner of construction of the railway. The plans of a railway company for construction are material in determining the extent of the damage. Land may be injured more or less, depending on the character of the structure to be erected, and a petitioner may be required to exhibit its plan and profile showing what it proposes to put upon the land. (*Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 Ill. 589.) But the plan must be the plan of the company, and an attorney conducting a suit under the Eminent Domain act has no implied authority

to bind the petitioner by an agreement as to the plan of constructing the road. (*Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 Ill. 111; *Chicago General Railway Co.* v. *Murray*, 174 id. 259.)  The petition in this case did not aver in what manner it was proposed to construct the railway, and no authority was shown in the attorneys to enter into the agreement.  The stipulation was not admissible in evidence.  The court, however, afterward instructed the jury that the stipulation was binding upon the petitioner and that the damages should be assessed on the basis of its performance, and appellees took no exception to the instruction.  When the judgment was entered it vested in the petitioner the rights obtained by the condemnation subject to the performance of the stipulation, which was made a part of the judgment, so that the petitioner acquired no right under the judgment except upon the conditions stated in the stipulation. Where the rights of the petitioner are vested by the judgment subject to the performance of a stipulation, the owner of the land may enforce it, and that is a proper method of securing his rights. (*Elgin, Joliet and Eastern Railroad Co.* v. *Fletcher*, 128 Ill. 619.)  We think the error in the admission of the stipulation was cured by the judgment fully protecting the rights of the parties.

The court refused to grant separate trials to the appellees, Joel Haws and Clifford Haws, and they excepted to the refusal.  The statute provides that the compensation for each parcel of property shall be assessed separately by the same or different juries, as the court or judge may direct.  The parties asking for separate trials were interested in all the tracts and defendants as to each, but their interests were different in the different tracts.  We see no reason why there was, or could be, any prejudice to either of them in having the same jury assess the damages, and think that the court did not abuse its discretion in denying their applications for separate trials.

The petition was filed and the proceeding had in the county court of Marshall county, and included two large farms in that county and a separate and distinct tract of land in Putnam county. The defendants objected to the jurisdiction of the court over the lands in Putnam county, and a cross-error is based upon a refusal of the court to dismiss the petition as to that land. Unless the statute prescribes otherwise, a proceeding to condemn land under the law of eminent domain must be in the county where the land lies. A proceeding to take land for public use is ordinarily local, affecting the land itself, and jurisdiction is confined to the county where the property is situated. But the legislature may change that rule by statute. ·(7 Ency. of Pl. & Pr. 478; Lewis on Eminent Domain, sec. 316.) Section 2 of the act to provide for the exercise of the right of eminent domain provides, that where there is a right to take private property for public use and the compensation for such property can not be agreed upon, the party authorized to take or damage such property may apply to the judge of the circuit or county court where the said property, or any part thereof, is situate, to cause the compensation to be paid to the owner to be assessed. Section 5 provides that any number of separate parcels of property situate in the same county may be included in one petition, and section 9 of the act provides that the jury shall, at the request of either party, go upon the lands sought to be taken or damaged, in person, and examine the same. Reading the second and fifth sections together, it seems that different tracts can only be included in one petition where they are in the same county, and that the provision for instituting the proceeding in the county where the property, or any part thereof, is situated must relate to a single tract lying partly in different counties. It is intended that either party shall have a right to a view of the premises, and it was decided in *Rockford, Rock Island and St. Louis Railroad Co.* v. *Coppinger*, 66 Ill. 510, that the

court could not send a jury into another county. In that case a change of venue had been taken from Madison county, where the lands sought to be condemned were situated, to Greene county, and the trial court denied the request of the petitioner to send the jury to Madison county for a view of the premises. It was said that the Eminent Domain act, authorizing the view, required the petition to be filed in the court where the land was situated, and that the court had no power to send a jury beyond the territorial limits of the court for the purpose of a view. If separate tracts in different counties can be included in one petition, the parties, under that decision, would be deprived of a right expressly given by the statute. In the case of *St. Louis and Cairo Railroad Co.* v. *Postal Tel. Co.* 173 Ill. 508, a petition was filed in Jackson county to condemn a right of way from Cairo, in Alexander county, to East St. Louis, in St. Clair county, along the right of way of the St. Louis and Cairo Railroad Company, a distance of one hundred and fifty-two miles. The land in that case was a single tract or strip in the same ownership, extending through different counties, and it was held that the county court of Jackson county had jurisdiction. Under that decision, where there is a single tract of land of the same owner lying partly in different counties the petition may be filed in either. But that is not the case here, and the county court of Marshall county had no jurisdiction over the separate tract in Putnam county. It was error to assume jurisdiction of a proceeding to take or damage such land for public use.

The judgment, in law and by its form, has the effect of separate judgments as to each tract of land, and the judgment as to the lands in Marshall county is affirmed. The judgment as to the land in Putnam county is reversed. The appellant will pay five-sixths of the costs of the appeal and the appellees one-sixth.

*Reversed in part and affirmed in part.*