## Central Railway Company v. Henry Sehnert.

### Gen. No. 4,358.

1. CONTRIBUTORY NEGLIGENCE—*when, is question of fact.* Whether the act of crossing a track in front of a rapidly moving street car constitutes contributory negligence, is a question of fact to be determined by the jury.

2. CONTRIBUTORY NEGLIGENCE—*when courts will not determine*

*question of, as one of law.* Courts will not say as a matter of law that under a given state of facts a certain line of conduct is or is not contributory negligence; it is only when all reasonable men would agree in pronouncing it so that a court may declare its character as a matter of law.

3. INSTRUCTIONS—*when error in, cured.* An instruction erroneous in that it limits the time during which the plaintiff should have been in the exercise of due care to "the time of the injury," may be cured by other instructions which fully explain the plaintiff's duty in such respect.

4. INSTRUCTIONS—*when error in, cannot be complained of.* An instruction which is erroneous cannot be complained of for a vice contained in instructions given at the instance of the complaining party.

Action on the case for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

I. C. PINKNEY, for appellant.

ARTHUR KEITHLEY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Peoria Circuit Court awarding appellee $650 damages for a personal injury caused by a street car on appellant's road coming in collision with a wagon on which appellee was riding.

The accident happened at the intersection of Adams and Walnut streets in the city of Peoria. Appellee was driving a team of horses hitched to a lumber wagon, which was coupled about twelve feet from the front to the rear bolsters. Appellee was sitting on a sixteen foot board on the wagon with his feet hanging down. Adams street has a double track street car line on it, operated by electric power. The track known as the upper track on Adams street is used for cars going south and the lower track is used by north-bound cars. Walnut street, on which appellee was driving, crosses Adams street at right angles; the paved portion of Adams street is about fifty feet and car lines occupy fourteen feet in the center of the street.

Appellee drove down Walnut street until he reached Adams where he stopped his team to allow a car to pass up

on the lower track. There was a team and wagon just in front of appellee crossing over Adams street. After the car had gone up on the lower track appellee started up his team, following the wagon in front over the crossing. Before starting to make the crossing he saw a car coming on the upper track, which was about half a block away. Appellee says he thought he had time to get across before the car would reach the crossing, but it came too quick for him and struck his wagon midway between the front and rear wheels, and pushed it along down the track eight or ten feet. Appellee was knocked off the board and fell on the pavement and was injured.

The substance of the negligence charged against appellant in the first count is, that "defendant carelessly, negligently and wrongfully ran said electric car against, upon and into said truck and horses attached aforesaid with great force and violence," etc. And that by reason of the crowded condition of Adams street at the intersection of Walnut street, "it became and was the duty of the defendant to run said cars at a slower rate of speed and with greater care and caution, and to keep a diligent outlook and a vigilant watch for danger so as to avoid injuring said people, horses, and vehicles upon said Adams street at the intersection of Walnut street." The second count sets up the provisions of a certain ordinance of the city of Peoria reading as follows: "Every person, company or corporation, now operating, or that may hereafter be granted the right to operate street railroads in any of the streets, avenues, alleys, or other public grounds of the city of Peoria, shall be subject to and observe the following rules and regulations: * * * The conductors or drivers, as the case may be, of each car shall keep a vigilant watch for all teams, carriages, persons on the track or tracks, and on first appearance of danger to such team or person, the car shall be stopped in the shortest time and space possible;" and avers negligence in failing to observe its requirements.

The evidence was conflicting as to the rate of speed the car was running, so much so that we are not inclined to

interfere with the finding of the jury because it is not supported by the evidence. The motorneer says that there was a covered wagon on Adams street going in the same direction the car was and only about twelve inches from the car, and that this covered wagon kept up with the car for some distance before the crossing was reached; that he was expecting the driver of the covered wagon to turn over the track and cross or attempt to cross in front of the car; that he kept the gong ringing to notify the driver of the covered wagon, and to prevent his trying to cross in front of the car; that the covered wagon prevented him from seeing appellee until he was within ten or twelve feet of him and that he then reversed the power and did all he could to stop the car, but owing to the fact that the rails were wet from sprinkling, the car slipped on the rails and ran into appellee's wagon. We confess that we cannot see how a covered wagon within twelve inches of the car going in the same direction with the car and right by the side of it would prevent the motorneer from seeing an object such as a team of horses on or near the track in front of him; still, granting that conditions were such that he could not see any one approaching the crossing, then this fact was a reason for approaching the crossing with his car under such control as the ordinance requires, and if the track was known to be wet and slippery, the cars ought to approach crossings in populous portions of cities with reference to this fact.

Whether appellee was guilty of contributory negligence in attempting to cross the track in front of this car is a question of fact which the jury has found against appellant and we do not feel called upon to find otherwise under the evidence. Chicago & Northwestern Ry. Co. v. Hansen, 166 Ill. 623; C., B. & Q. R. R. Co. v. Pollock, 195 Ill. 156. Courts will not say as a matter of law, that under a given state of facts a certain line of conduct is or is not negligence; it is only when all reasonable men would agree in pronouncing it so that a court may declare its character as a matter of law. This applies as well to the contributory

negligence of the plaintiff as it does to the alleged negligence of the defendant.

Instruction number 2 given for appellee is said to be erroneous. It reads as follows:

"You are instructed that if you believe from the greater weight of the evidence that the plaintiff was in the exercise of ordinary care for his own safety at the time of the injury complained of in this case and that the defendant negligently and wrongfully ran a car into his wagon in such a manner as to injure him in a manner and form as charged in the declaration or some count thereof, then the jury should find a verdict for the plaintiff and assess his damages at such a sum as you believe from the evidence will compensate him for the money he expended in being treated for such injuries, if any, and allow him such further sum as you believe from the evidence will reasonably compensate him for the suffering, if any, that he has undergone in consequence of such injury."

The objection to this instruction is, that it limits the duty of appellee to exercise due care for his own safety to "the time of the injury." Standing alone this instruction would be erroneous and require a reversal of the case under the ruling of the Supreme Court in Chicago, Milwaukee & St. Paul Ry. Co. v. Halsey, 133 Ill. 248, and North Chicago Street R. R. Co. v. Cossar, 203 Ill. 608. If "at the time of the injury," is understood to mean the instant of the collision, then manifestly the duty to exercise due care for his own safety within the narrow limits of the instant or second in which the accident happened did not relieve him from the duty to exercise reasonable care for his own safety before the accident, and at the time when he decided to attempt to make the crossing in front of the car; but there are two reasons why the error in this instruction should not reverse this judgment: (1) Appellant's second instruction contains precisely the same error that it is now complaining of in appellee's instruction. This is a waiver of its right to raise the point. Springer v. City of Chicago, 135 Ill. 552; Baker v. Fawcett, 69 App. 300. (2) The omitted qualification or needed element in this instruction is supplied by other instructions in the series which fully

advise the jury that appellee was required to exercise reasonable care in attempting to cross the street, so that reading the instructions as a whole they correctly state the law and are not misleading. Whitney & Starrette Co. v. O'Rourke, 172 Ill. 177; Toluca, Marquette & Northern Ry. Co. v. Haws, 194 Ill. 92.

There being no error in the record, the judgment is affirmed.

*Affirmed.*