## Fred S. Leach v. Clara E. Thompson.

1. MECHANIC'S LIEN—*what does not release surety upon contractor's bond.* A surety upon a contractor's bond is not released by the act of the owner in failing to withhold payments due by virtue of the work performed and materials furnished by the contractor.

2. MECHANIC'S LIEN—*when subcontractor cannot enforce.* A subcontractor cannot enforce a lien against an owner if he is a surety upon a contractor's bond and his obligation upon such bond is such

as to render him liable to the owner for the payment of any lien claims not specified by the contract.

Mechanic's lien. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

OWEN T. REEVES and W. B. LEACH, for appellant.

RAYBURN & BUCK, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill by Leach, a subcontractor, to establish a mechanic's lien upon certain premises in the village of McLean. Thompson, the owner, and Maxson, the principal contractor, were made parties defendant.

The bill avers and the evidence discloses that Thompson and Maxson entered into a written contract by the terms of which Maxson agreed to build for Thompson a dwelling house upon the premises in question, for the sum of $3,000, payable as follows: $1,000 down; eighty-five per cent. of the value of labor and materials on the ground as the work progressed, upon demand of Maxson, and the balance upon completion of the contract work, provided that in no event was Thompson to pay more than $3,000 unless she should order extra work done. Maxson completed the building at a cost of not to exceed $2,500 including all claims of subcontractors. Leach, under a subcontract with Maxson, furnished labor and materials in and about said building to the extent of $418.35, and seeks by the present bill to establish a lien therefor against the premises. The answer of Thompson avers and the proof shows that about the date of the original contract, Maxson as principal, and Leach and several others as sureties, executed and delivered to Thompson a bond to secure the full and faithful performance of the contract on the part of Maxson and the payment by him of all liens against said premises for

labor and materials. The chancellor upon the hearing of exceptions to the master's report held that Leach was not entitled to the relief prayed, and dismissed the bill, whereupon Leach prayed this appeal. The evidence further shows that in addition to the first payment of $1,000 required by said contract, Thompson paid to Maxson, during the progress of the work, various sums aggregating on April 28, 1905, $2,725, upon which date there had been labor performed and was material upon the ground to the value of but $1,547.80. Upon the completion of the contract Maxson was paid the balance of the contract price in full. Appellant claims that he was released from liability by reason of the payments by Thompson, as the work progressed, of more than eighty-five per cent. of the value of labor performed and materials upon the ground at the date of such payments. He contends that by the terms of his obligation his liability was contingent upon the strict compliance by Thompson with the terms of the contract limiting the extent of payments to be made to Maxson thereunder during the progress of the work, and that by reason of the violation by Thompson of such provision of the contract, he became discharged from all liability.

A similar defense was interposed by a surety, who was also a subcontractor, in Central Lumber Co. v. Kelter, 201 Ill. 503. It was there urged that if the owners had strictly complied with the terms of the builders' contract as to payments, and had withheld the specified percentage of the contract price, they could have protected themselves against loss without resorting to the bond, and that they owed it to the security to do so. Referring to such contention, the court says: "That, we think, is hardly a fair construction of the bond and contract. It would render the bond wholly unnecessary and of little or no benefit to the plaintiff. If they were bound to protect themselves against loss occasioned by Rafferty's failure to perform the contract, by withholding payments,

then the security conditioned for his faithful performance would avail nothing.''

The views so expressed are clearly applicable to and decisive of the present case. The decree of the Circuit Court is in accordance therewith and is affirmed.

*Affirmed.*