### Henry Springer, Appellee, v. Mary S. Baker et al., Appellants.

#### Gen. No. 4,947.

INSTRUCTIONS—*when not subject to review.* Rulings upon instructions are not subject to review where all the instructions given are not set forth in full in the abstract.

Action commenced before justice of the peace. Appeal from the Circuit Court of La Salle County; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

I. I. Hanna, for appellant.

Gleim & Colwell, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Appellee sued appellants, who are husband and wife, before a justice to recover wages claimed to be due appellee

for services as a farm hand. The case was appealed to the Circuit Court and there tried by a jury, and appellee had a verdict and a judgment for $80, from which defendants below appealed.

Appellee worked upon the farm occupied by appellants under two or three different contracts of employment, the last of which was made a few weeks before he quit work. There were disputed questions of fact as to the terms of the employment or employments prior to the last one, and also as to various items of credit claimed by the appellants. We see no reason to disturb the conclusion of the jury and the trial judge upon these disputed questions of fact.

It is contended that there is no evidence that Mrs. Baker was liable; that the farm was worked by Mr. Baker only; that the verdict and judgment against her are unsupported by any evidence; and that in this joint action against both defendants in assumpsit there could be no recovery against Mr. Baker alone. An examination of the evidence in the record, not fully abstracted, shows positive testimony that the contract was made by both defendants jointly and that most of the negotiations were conducted by Mrs. Baker. There is some evidence to corroborate this. The testimony of appellants denies that Mrs. Baker made the contract. We would not be authorized to disturb the conclusion of the jury upon this disputed question of fact.

By the last contract of employment appellee agreed to work for appellants for five months at $25 per month, and he quit the employment in a few weeks. It is contended that he left without any justification, and therefore could not recover any wages earned under that last employment. The rupture arose over an attempt between the appellants (especially Mrs. Baker) and appellee to settle upon the amount due him for all his services to that time. Mrs. Baker figured the time he had worked at considerably less than appellee did, and produced various charges against him which he was unwilling to allow, and reached a balance due him of about $50, which he would not accept. That it was not the true amount due him seems to be settled by the ver-

dict of the jury. Thereupon he said that if she would not pay him more than that he would quit. He testified that Mrs. Baker then told him that if he did not like that he could quit, and he thereupon did so. This was not disputed, and it authorized the jury to find that the contract was terminated with the consent of appellants, as Mrs. Baker was acting not only for herself but also for her husband.

It is argued that the court erred in rulings upon instructions. The abstract sets out in full a part of the given and the refused instructions, but omits five instructions given for appellee and six instructions given for appellants. Where error in giving or refusing instructions is alleged on appeal or writ of error, such assignments of error will only be considered when all the instructions given are set out in full in the abstract. The reason is that the omitted instructions may supply that wherein the instructions set out are insufficient, or it might appear from all the instructions that the party complaining requested instructions based upon the same principle or rule of law, in which case he could not be heard to complain of the embodiment of that rule or principle in the instructions requested by his adversary. Thompson v. People, 192 Ill., 79; T., M. & N. Ry. Co. v. Haws, 194 Ill., 92; P., C., C. & St. L. Ry. Co. v. Smith, 207 Ill., 486. We are not required to search the record to ascertain whether error has been committed.

The judgment is therefore affirmed.

*Affirmed.*