### Village of Downers Grove, Appellee, v. American Surety Company of New York, Appellant.

#### Gen. No. 6,798.

1. JUDGMENT, § 513*—*when order in local improvement proceedings is not res adjudicata.* An order of the county court, entered pursuant to section 84 of the Local Improvement Act (J. & A. ¶ 1477), determining that a local improvement has been made in conformity to the requirements of the order is not *res adjudicata* as to the surety on the contractor's bond so that he cannot be held liable on bond where it is discovered after the entry of the order that the work had not been constructed in compliance with the requirements of the ordinance.

2. JUDGMENTS, § 401*—*what is necessary to make judgment*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Village of Downers Grove v. Amer. Surety Co., 218 Ill. App. 608.

*res adjudicata.* To make a judgment *res adjudicata,* it must (1) proceed from a court having jurisdiction, (2) be between the same parties, and (3) for the same purpose.

3. MUNICIPAL CORPORATIONS, § 393*—*what is effect of order of county court as to performance.* The order provided for by section 84 of the Local Improvement Act (J. & A. ¶ 1477) as to the conformity of the improvement with the ordinance is solely to determine that question with reference to the special assessment to pay therefor and does not relate to the liability of the contractor and his surety.

4. MUNICIPAL CORPORATIONS, § 400*—*what does not release contractor or surety on bond.* Neither the contractor for a local improvement nor the surety on his bond is relieved by the entry of an order under section 84 of the Local Improvement Act (J. & A. ¶ 1477), finding that the improvement conformed to the requirements of the ordinance, where it is alleged and the evidence shows that it was discovered after the entry of the order, and that the contractor had fraudulently departed from the requirements without the knowledge of the municipality.

5. MUNICIPAL CORPORATIONS, § 400*—*what defenses are not available to surety on contractor's bond. Semble,* that the fact that the contracts let by a municipality for the repair of a local improvement, not performed by the original contractor according to the ordinance, were illegal because not submitted to competitive bidding cannot avail the surety of the original contractor in action on the bond.

6. MUNICIPAL CORPORATIONS, § 383*—*when contract need not be let to lowest bidder.* Under section 50 of the Local Improvement Act (J. & A. ¶ 1465) a contract for the repair of a sidewalk let by a village under the commission form of government without advertising for bids is not illegal where all of the commissioners voted to let them.

7. APPEAL AND ERROR, § 883*—*what is effect of rule requiring instructions in abstract.* The reason for the rule of the Appellate Court requiring the abstract to set out in full every instruction given, modified or refused, where complaint is made of rulings on the instructions, is to enable the court, when complaint is made of an instruction given for the appellee, to examine those given for appellant, to see if the latter embodied the same instruction as that complained of, and, where complaint is made of the refusal of appellant's instruction, to see whether the same principle is embodied in other instructions given at his request.

8. APPEAL AND ERROR, § 883*—*when instructions must be set out in abstract.* The ruling of the trial court upon instructions will

not be reviewed on appeal unless all of the instructions are set out in the abstract.

Appeal from the Circuit Court of Du Page county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed June 29, 1920. Rehearing denied October 12, 1920. *Certiorari* denied by Supreme Court (making opinion final).

BUNGE, HARBOUR & SCHMIDT, for appellant.

A. B. SNOW and FISHER, BOYDEN, KALES & BELL, for appellee; J. F. DAMMANN, JR., of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In the spring and summer of 1915 the Village of Downers Grove, under ordinance No. 49, laid sidewalks on certain streets, to be paid for by special assessment. The contract was duly let to Kent R. Wyllie, who by the contract was required to give a bond for the performance of the contract, and he did give such a bond, executed by himself as principal and by the American Surety Company of New York as surety. The work was completed and accepted by the Board of Local Improvements of said village, and in October, 1915, the county court entered an order finding that the work had been constructed substantially in compliance with the ordinance. During the same time the village also provided for the construction of a sidewalk on another street, under ordinance No. 50, and the contract was let to the same contractor and he gave a like bond for the performance of that contract, with the same surety, and the work was done and certified in like manner by the Board of Local Improvements, and on the same day in October, 1915, a like order was entered by the county court, finding the work done in substantial compliance with the ordinance. In the following spring it was found that portions of each of

said sidewalks were disintegrating, and this was obviously due to a failure by the contractor to build those portions in conformity to the plans and specifications, for the proof is undisputed that a sidewalk constructed in compliance with the plans and specifications would last from 30 to 50 years. Wyllie seems to have disappeared, and the surety was notified of the condition and called upon to repair the work, and there were interviews and correspondence between the village officers and representatives of the surety company which covered a considerable period of time and ended in a refusal by the surety company to take any action. The village thereupon let several contracts for the repair of various parts of the sidewalk, and brought two actions against the contractor, one upon each bond. There was much special pleading in each case which requires no discussion, as it was stipulated at the trial that defendant could put in any defense which it could properly put in under any plea well pleaded. The two suits were tried together before a jury under an agreement that they should be so tried and that there should be separate verdicts. There was a jury trial and there was a separate verdict in each case for plaintiff for the amount of the debt and assessing the damages. A motion by defendant for a new trial was denied. Two judgments were entered in proper form. A single appeal was prayed and prosecuted by defendant, and this appeal has been treated by appellee as properly prosecuted in that way.

Section 84 of the Local Improvement Act (J. & A. ¶ 1477) enacts that after the work has been done, it shall be the duty of the Board of Local Improvements to certify to the county court whether the improvement conforms to the requirements of the ordinance and to make application to the county court to determine whether the facts stated in said certificate are true, and thereupon, after public notice, the county court shall hear the application and determine the

same in a summary manner, and enter an order according to the facts, which order shall be conclusive upon all the parties, and the statute denies any appeal or writ of error. The chief defense interposed by appellant is that the order of the county court in these two special assessment cases is conclusive that these improvements were completed in compliance with the ordinance, and that that judgment is *res judicata* in this case, and that the circuit court has no jurisdiction to again try that question. Various cases are cited where it has been said that such order of the county court is conclusive and that that question cannot again be litigated in the circuit court. Some of these are cases where owners were objecting to the payment of instalments of the assessment because of defective workmanship, and others are cases where the contractor was endeavoring to enforce payment by a suit against the city, where the work had not been formally accepted and the question of its completion had not been submitted to the county court as said statute requires. The statute does not intend that such order of the county court shall be in every respect conclusive upon everybody, for section 83 of the same Act (J. & A. ¶ 1476) provides that if any property owner shall be injured by any failure to construct such improvement in substantial compliance with the ordinance, he may recover the amount of his injury or pecuniary loss because thereof in an action on the case against the municipality.

It is in part because of such liability that the statute authorizes the municipality to require a bond from the contractor. Said orders of the county court do not constitute *res judicata* in favor of the surety company, because they do not comply with the rules governing such a defense, as stated in *Deke v. Huenkemeier*, 289 Ill. 148, on p. 154. It is there said that in order to make a judgment *res judicata* it must (1) proceed from a court having jurisdiction; (2) be between the same

parties; and (3) for the same purpose. The county court had no jurisdiction of the appellant. It could not have entered any order against appellant at that hearing by which the appellant would have been bound. The object of that proceeding was not to determine whether there was any liability on this bond. The purpose of the statute was only to determine that question for the purpose of the special assessment to pay therefor. As already stated, that order did not prevent property owners from afterwards suing the municipality and showing that the work had not in fact been completed according to the ordinance, and that such property owners had been injured thereby. We see no reason why that order should avail the contractor or his surety. But if the order were available to the surety in a case where the defect, if any, was obvious and known at the time the county court entered the order, that should not avail appellant here. The amended declaration in each case charged at great length that at the time said order was entered it was a fact, not known to the village or its agents or representatives, that the work had not been performed in compliance with the ordinance, bid, contract and specifications, but was defective in certain latent conditions which could not have been known to the village or its agents or representatives in the exercise of ordinary care; that said latent defects did not become apparent until the spring and summer of 1916, when portions of said sidewalks began to crumble, grow spongy and loose and disintegrate and expose the subsurface of said sidewalks, which then appeared to have crumbled and disintegrated; that said defects were due to the fact that Wyllie did not perform his work in accordance with the ordinance, contract and specifications, and did not use the proper and required amount of cement or proper quality of cement, and did not mix the ingredients of said cement in proper proportions, and that all this was unknown to the village

and its agents or representatives, and could not have been known to it and them by the exercise of ordinary care or any degree of care implied in the ordinance, bid, contract and specifications; and said amended declarations in legal effect charged fraud on the part of the contractor. The proof sustained these allegations and was undisputed. One of the ingredients of said sidewalks was required to be a certain brand of cement used in certain specified proportions with the other ingredients. Whenever the village inspector was present at the mixing of the material the required proportion of said cement was put into the mixer and portions of said sidewalks did not disintegrate. But the proof showed by numerous circumstances that at other times the contractor put in only 60 per cent of the cement required by the ordinance and contract, and this was unknown to the village authorities when the work was accepted and when the county court orders were made. Under such circumstances the situation is similar in principle to that discussed in *Monahan v. Fitzgerald*, 164 Ill. 525, and the contractor is not relieved from the consequences of his fraud by reason of the acceptance or of the order, which is but an approval of the acceptance and of course for the same reason the surety is not relieved.

It is argued that the village failed to have such inspection of the work as it proceeded as the law requires. The brief time spent by the inspector on the work is justly subject to criticism. But the proof shows that this particular fraud by the contractor in using only 60 per cent of the cement required could not be detected by the ordinary inspection as the work as it proceeded appeared as well as if the proper proportion of cement had been used. This particular fraud could only have been detected by having an inspector present at all times when the concrete was mixed, and by having him count the bags of cement and the bags of the other materials in each mixing. We

do not suppose such a constant supervision was intended by the statute or by the ordinance; and the question whether this was such an inspection as was required was submitted to the jury by an instruction, and was decided in favor of the village, and we see no reason to disagree with that conclusion.

It is contended that the contracts which the village afterwards let for the repair of the work were illegal because not submitted to a competitive bidding. If so, we do not see that this should avail appellant. But section 50 of said Act (J. & A. ¶ 1465) permits the contract to be entered into without advertising for bids by a vote of two-thirds of all the aldermen or trustees elected. The village was under the commission form of government and the commissioners all voted to let these contracts, and therefore there is nothing in the point.

Complaint is made of rulings upon evidence but we find no reversible error therein.

Appellant claims that the court erred in giving two instructions requested by appellee and in refusing three instructions requested by appellant, and only these instructions are set out in the abstract. The court gave five other instructions requested by appellee and six instructions requested by appellant, and refused eight other instructions requested by appellant. These are not set out in the abstract. Rule 16 of this court (137 Ill. App. 625) requires the abstract to set out in full every instruction given, modified or refused. The reason for this rule is that where complaint is made of an instruction given at the request of appellee, the court must examine the instructions given for appellant to see whether appellant has embodied the same theory in his instruction, in which case he will not be heard to complain. If instructions requested by appellant are refused, it often is found that the same principle is embodied in other instructions given at appellant's request. It

has long been settled that the ruling of the trial court upon instructions will not be reviewed in a court of appeal unless all the instructions are set out in the abstract. *City of Roodhouse v Christian,* 158 Ill. 137; *Thompson v. People,* 192 Ill. 79; *Toluca, M. & N. Ry. Co. v. Haws,* 194 Ill. 92; *People v. Weil,* 243 Ill. 208. We therefore consider that the ruling of the court below upon the particular instructions of which complaint is made has not been preserved for review.

The judgments are therefore affirmed.

*Affirmed.*