## Freeman O. R. Baker, Appellee, v. Fred W. Ayers, Appellant.

1. APPEAL AND ERROR—*when judgment affirmed pro forma.* Where the affidavit of merits is not set forth in the abstract, it is the duty of the court, if the point is raised, to affirm the judgment pro forma.

2. ATTORNEY AND CLIENT—*when questions in suit for fees are for jury.* Where the items of claim in a suit for attorney's fees are testified to in detail by plaintiff and corroborated by other evidence, the controverted questions are purely of fact for the jury.

3. APPEAL AND ERROR—*when rulings on instructions will not be reviewed.* The rulings of the trial court upon instructions will not be reviewed in a court of appeal unless all of the instructions are set out in the abstract.

Appeal from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921.

B. L. CATRON, for appellant.

J. L. LANING, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit brought by appellee, an attorney at law of the Menard county bar, against appellant to recover attorney's fees alleged to be due him from appellant. A jury trial resulted in favor of appellee for $547.17 damages, upon which verdict judgment was rendered. Appellant has appealed to this court.

The declaration consisted of the common counts accompanied by an itemized statement of account verified by an affidavit of claim. Appellant pleaded the general issue, accompanied with an affidavit of meritorious defense. This affidavit is not set forth in the abstract and had the point been raised under the well-settled rules of practice in this State, it would have been our duty to have affirmed the judgment pro forma.

Appellant claims that the judgment is not supported by the evidence in the case. Appellee's claim consisted of seventeen items aggregating $1,012.50, upon which he had allowed five items of credit amounting to $235.59, leaving a balance of $777 in controversy. Appellee's services covered a period of several years and were rendered in various cases. Plaintiff testified in detail to the services rendered and their value and was corroborated as to some of the services and as to the value of the services by two members of the Menard bar. The controverted questions were purely questions of fact for the jury and we would not be justified under the evidence in the case in disturbing their findings.

Appellant assigns as error the giving of instructions requested by appellee, and the instructions complained of are the only ones set out in the abstract. It has long been the settled rule of practice in this State that the rulings of the trial court upon instructions will not be reviewed in a court of appeal unless all of the instructions are set out in the abstract. *Village of Downers Grove v. American Surety Co. of New York*, 218 Ill. App. 608; *City of Roodhouse v. Christian*, 158 Ill. 137; *Thompson v. People*, 192 Ill. 79; *Toluca, M. & N. Ry. Co. v. Haws*, 194 Ill. 92; *People v. Weil*, 243 Ill. 208.

The judgment of the circuit court is affirmed.

*Affirmed.*