## City of Aurora, Plaintiff in Error, v. C. C. Lakin et al., Defendants in Error.

### Gen. No. 6,901.

**1.** Municipal corporations—*liability on sewer contractor's bond for injury to traveler after acceptance of work by city.* Where, under a city sewer contract, the contractor agreed to keep the work done in complete repair for 3 months after its acceptance, and to give a bond for the faithful performance of the contract, and where the bond expressly provided that the city should be secured for the complete performance of the contract, and be saved harmless from judgments and expense growing out of the failure to perform the contract, the sureties on the bond were not discharged from liability to reimburse the city for the amount of a judgment rendered against the city, in an action by a traveler who sustained injury by being thrown from his wagon because of the uneven settling of the dirt in the trenches, within said 3 months, on the ground that the superintendent of streets, after an inspection, authorized the removal of the barriers, and such settling was thereafter caused by heavy rains; and even an acceptance of the work by the city would not have discharged the bond.

**2.** Municipal corporations—*final payment under sewer contract after injury to traveler as release of sureties on contractor's bond.* Under a city sewer contract providing that a certain percentage of the gross amount of the contract should be retained by the city for 3 months after final acceptance of the work, to insure repairing during that period, payment by the city in strict accord with the contract, after the date of an injury to a traveler on the street caused by a defect in the street, did not release the sureties on the contractors' bond from liability to reimburse the city for the amount of a judgment in favor of such traveler, as the city was not required to hold back payments under the contract to await possible action by such traveler.

**3.** Bonds—*allowance of interest in action on sewer contractor's bond for indemnity from city's liability for personal injuries.* In an action on a bond given to a city to secure performance of a sewer contract, to recover the amount of a judgment in favor of a traveler who sustained injury because of defects in the work, interest was computed by the Appellate Court dating from the service of summons on the sureties and the withholding of a stated sum which they were then required to pay, and interest was allowed in excess of the penalty of the bond.

4. BONDS—*allowance of interest in excess of penalty of sewer contractor's bond.* The rule that interest may be allowed in excess of the penalty of a bond given by the principal, to such an amount as accrued from the default of the sureties in unjustly withholding payment after being notified of the default of the principal, applied in an action on a sewer contractors' bond to recover the amount of a judgment against the city in an action by a traveler to recover for injuries sustained by reason of defects in the work.

5. APPEAL AND ERROR—*final judgment for plaintiff in error on stipulated facts.* Where, in an action on a sewer contractors' bond, a jury was waived and all the facts were stipulated, the judgment for defendants was reversed and the Appellate Court computed interest and rendered final judgment in favor of plaintiff.

Error to the Circuit Court of Winnebago county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1921. Reversed with finding of facts. Opinion filed November 2, 1921. *Certiorari* denied by Supreme Court (making opinion final).

JOHN N. KAMES, MAURICE F. LORD, J. J. FELDOTT, CHARLES W. FERGUSON and J. C. MURPHY, for plaintiff in error.

A. D. EARLY and B. B. EARLY, for defendants in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On June 2, 1896, the City of Aurora entered into a contract with Tole & Lakin, partners, to construct sewers in certain of its streets, to be paid for either by improvement bonds or cash collected from the sale thereof, pursuant to special assessment proceedings theretofore had. Specifications were attached to the contract. Tole & Lakin gave bond to secure their performance of the contract, on which E. H. Keeler, Thomas G. Lawler and T. D. Reber were sureties. A part of the system was to be laid on Galena street in said city. In the night of October 6, 1896, and after the sewer in Galena street had been constructed by Tole & Lakin and the street had been open to public

travel, John H. Scott drove along said street in a wagon drawn by a horse, and because of the uneven settling of trenches in said street was thrown from his wagon and injured. At that time there was no statute requiring notice to the city, and none was given. On November 5, 1897, Scott sued the city for said injuries. The city gave notice of the bringing of said suit to Tole & Lakin and to the sureties, and notified them to appear and defend said suit and to pay whatever judgment and costs might be rendered, and that if they failed to do so, the city would hold them liable. They did not appear nor defend nor do anything in defense of the suit. The city employed special counsel and defended the suit. Scott had a verdict against the city for $2,500 and a judgment for that sum and costs. The city appealed to this court and that judgment was affirmed in *City of Aurora v. Scott*, 82 Ill. App. 616. It appealed from our decision and the judgment was affirmed in *City of Aurora v. Scott*, 185 Ill. 539. It was represented by special counsel on these appeals. The city thereafter paid said judgment and costs and paid its special counsel and the costs of the Appellate and Supreme Courts, and also for certain printing required in said Appellate and Supreme Courts. Thereafter the city brought an action upon said bond in the Winnebago circuit court on September 26, 1902, to recover the amount paid by it on said judgment and costs, solicitors' fees and other expenses. That suit was dismissed without a decision upon the merits. By this time Tole had died. Thereafter, on December 22, 1905, the city brought this suit in the Winnebago circuit court against Lakin and said sureties upon the said bond. Lakin was not served and did not appear, so that the cause proceeded against the three sureties. A proper declaration in debt was filed and twelve pleas. The first plea was *nil debet,* to which a demurrer was sustained. There were demurrers to some other pleas and said demur-

rers were abandoned and there were special replications to each of pleas Nos. 2 to 12. The pleas are abstracted, but the special replications are not. Afterwards Lawler died, and the case proceeded against Keeler and Reber. A jury was waived and all the facts were stipulated and there was a finding and a judgment for defendants. The city appealed to this court from that judgment and that appeal was dismissed. Thereafter the city prosecuted this writ of error to review said judgment. No question is raised upon the pleadings. No facts are disputed. The opinions of this court and of the Supreme Court in the *Scott* case are embodied in the stipulation and it was stipulated that the facts stated in said opinions were to be treated as facts in this case. The city contends that under the facts stipulated it is entitled to recover. Defendants contend that they are not liable for two reasons: (1) That before Scott was injured the street had been accepted by the city and opened to the public and that this satisfied and discharged the bond and that the sureties were not liable for accident on that street thereafter; and (2) that the city after said accident paid Tole & Lakin various sums of money which it was its duty to withhold to secure indemnity to the city and to the sureties for the injury to Scott and that by making said payments after the accident to Scott, the city released the sureties on the bond.

The contract required Tole & Lakin, among other things, "to furnish at their own cost and expense all the necessary materials and labor and to excavate for, build and construct in a good, firm and substantial manner the sewers in Sewer District No. 4, in the City of Aurora, with appurtenances of every kind complete, of the dimensions, in the manner, and under the conditions mentioned in the specifications therefor, which said specifications are hereto attached, marked 'Exhibit A' and made a part of this contract.''

The specifications included the following:

"The contractor agrees to use all ordinary and reasonable care and caution to protect people and property from injury when the work herein specified is being performed; and the contractor specially agrees that at night he will place proper barriers around all places of danger to prevent any person or persons being injured because of the dangerous or unsafe condition in which the streets are left because of such work; and the contractor specifically agrees that at night he will place at or near all dangerous places or obstructions in the street, sufficient lights and danger signals to warn the public and all persons of the existence of such obstructions and danger, and that in all things he will use ordinary care and caution to prevent the public or an individual from receiving injury to person or property because of the work which is being done under these plans and specifications. And the contractor agrees to save harmless the said City of Aurora from all damages to person or property because of injuries received by the work which the contractor is doing. And in case the said City of Aurora is sued by any person or persons because of said injury to person or property, the said contractor agrees to defend such suit and to pay any judgment and costs which may be rendered against the City in any such suit; it being agreed that any judgment rendered against the said City of Aurora, in any such suit for damages, as aforesaid, shall be conclusive evidence as between the City and contractor that the contractor has not complied with this provision in these specifications. And the amount of judgment and costs shall be conclusive evidence as to the amount of judgment of damage which the City has sustained because of the non-compliance with this provision on the part of the contractor."

The specifications also contained the following:

"The contractor hereby agrees to keep such work as may be done by him under this contract and specifications in complete repair for three (3) months after their final acceptance, and authorize the City Council to retain five (5) per cent of the gross amount of

the contract, for said time to insure such repair.''

The specifications also contained the following:

''The contractor shall furnish to the City a good and sufficient bond, in the sum equal to 25 per cent, of the cost price of the work as given in his proposal, to be approved by the Mayor and sewer committee, conditioned for the faithful performance of the work as set forth and described in these plans and specifications, and for the faithful performance of the contract to be entered into between the City and the contractor and for the faithful compliance with each and every term of said contract and plans and specifications.''

During said year 1896, John L. Walker was assistant superintendent of streets for said city. During the construction of said sewers Tole & Lakin put barriers along the streets where this work was being done to prevent public travel, and the practice was that when the construction of a sewer was completed in a street Tole & Lakin informed Walker thereof and he then examined the work in such street and if he found the surface of the street properly leveled off, the ditches free from dirt and other obstructions, and the sewer trenches properly rounded up, he notified Tole & Lakin that they might remove the barriers; that about September 29, 1896, Tole & Lakin notified Walker that the work of constructing the sewer on Galena street was completed; that Walker then examined said work and found the surface of the street properly leveled off, the ditches free from dirt or other obstructions, and the sewer trenches properly rounded up, and then notified Tole & Lakin that they might remove the barriers from Galena street and said barriers were thereupon removed and the street was opened to travel. Between September 26 and October 6, heavy rains fell which caused an uneven settling of the dirt in the trenches where said sewer in Galena street had been constructed; and on the night of October 6, because of the uneven settling of

the trenches, Scott was thrown from his wagon as he traveled along said street and he was injured. We cannot agree with the contention of defendants that by the action of Walker and the removal of the barriers and the opening of the street the sureties on this bond were released from further liability to the city as to the sewer in Galena street. As above shown, the contractors agreed to keep the work done by them under said contract in complete repair for three months after its final acceptance, and by another provision the contractor agreed to give a bond for the faithful performance by the contractor of each and every provision of said contract, and this bond expressly provided that it should secure the city for the complete performance of said contract by Tole & Lakin and to save the city harmless for all costs, judgments and expenses growing out of their failure to perform the contract in full. The proof does not show that the city had accepted this street and the work therein at the time when Scott was injured. It does not show that the city removed the barriers and opened the street for travel. The inference from the stipulation is that the contractors removed the barriers and opened the street to travel. If the city had accepted the street the contractors were bound to keep it in repair for the next three months. When the rains caused an uneven settling of the dirt in the trenches, the contractors were bound to notice that fact and to repair said trenches. This they did not do. The bond was not discharged as to Galena street, even if the city accepted it. It secured the city that the contractors would keep the street in repair for the ensuing three months. The contractors did not do that, and because thereof Scott was injured. The acceptance of such work does not necessarily discharge such a bond. *Village of Downers Grove v. American Surety Co.*, 218 Ill. App. 608, a case in which certiorari was denied by the Supreme Court.

The contract required that the engineer who acted

for the city should on the last day of each month during construction estimate the amount of work completed according to the specifications and 80 per cent of the amount due therefor should be paid the contractor before the 15th day of the following month. Acting in compliance with that provision the city made payments to the contractors after said October 6 in October, November and December, when the work under the contract was finally completed. By the terms of the specifications the city retained 5 per cent until the expiration of three months and then on May 17, 1897, paid said 5 per cent to the contractors. Up to that time the city had had no notice that Scott would sue the city for damages. There had been rumors that he might bring such a suit. Various officers of the city had heard of those rumors. He did not in fact bring such suit until November 5, 1897. These payments made by the city to the contractors were required by the contract to be made. The cases relied upon by defendants were where payments had been made which were not required by the contract and the circumstances were such that such moneys could have been retained to protect the sureties. Here, the city did not know and could not know that Scott would sue the city nor that he would recover if he did. The opinion of the Appellate Court in the *Scott* case, introduced in evidence, shows that it was a close question, under the evidence, whether Scott was not guilty of such negligence in occupying the position he did upon his wagon that he should be barred from recovery. The city could not assume years in advance how that question would be decided. It is obvious that the provision requiring payment by the 15th of a month of 80 per cent of the price for the work done the preceding month was to enable the contractor to pay for his labor and material as he went on. The ordinary contractor is not able to pay all the expenses of labor and material for all of so large a contract and then wait two

years after the work is done before he is paid anything in order to see if any persons were injured and have just claims because of the manner in which the work was done. If the city had failed to make these payments the work undoubtedly would have been suspended in this case, for it is stipulated that at the time of the injury to Scott, Tole & Lakin were insolvent. Suppose the city had stopped making payments and had been sued for the 80 per cent due November 15, for the work done in October. What defense could the city have interposed? It would have been no defense to show that Scott had been injured under the circumstances stated and that he might thereafter sue the city for damages. The city would be in the position of having broken the contract itself. We regard it as obvious that this bond was intended to protect the city against such liabilities. We are of opinion that paying in strict accordance with the terms of the contract after the date of Scott's injury did not release the sureties on this bond and that the city was not required to hold back any of said payments. In order to make the failure to withhold said payments a defense, there must have been a duty owing by the city to the sureties on the bond to apply such sums in liquidation of the claim for damages. *Ewen v. Wilbor,* 208 Ill. 492; *Central Lumber Co. v. Kelter,* 201 Ill. 503; *Leach v. Thompson,* 138 Ill. App. 85. There was no such duty in this case. It follows that in our opinion the defenses interposed by the sureties are not maintained.

The city asks us to enter final judgment here. As a jury was waived in the court below and all the facts were stipulated we see no reason why judgment should not be entered here. *Manistee Lumber Co. v. Union Nat. Bank of Chicago,* 143 Ill. 490, on p. 504. The amount which the city would be entitled to recover against the contractors far exceeds $5,000, the penalty of the bond here sued on. The city claims the right

to recover interest in excess of the penalty. In ordinary cases the penalty of the bond is the measure of the sureties' liability. In *Holmes v. Standard Oil Co.,* 183 Ill. 70, it was held that that rule as to the liability of the surety could not be invoked against the payment of interest awarded by the statute as compensation for delay in making payment. In *Illinois Surety Co. v. John Davis Co.,* 244 U. S. 376, a case upon a bond made and to be performed in Illinois, the Supreme Court of the United States followed the *Holmes* case. In *United States v. United States Fidelity & Guaranty Co.,* 236 U. S. 512, the Supreme Court of the United States held that the weight of authority in England is adverse to the recovery of interest beyond the penalty in the bond, but cited cases showing that in this country the tendency of the State courts is in favor of the allowance of such interest and that court adopted the rule followed by Mr. Justice Clifford at the circuit, as follows: "Sureties, if answerable at all for interest beyond the limit of the penalty of the bond given by their principal, can only be held for such an amount as accrued from their own default in unjustly withholding payment after being notified of the default of the principal." It seems to us that we ought not to go further than is established by that rule. Service on the sureties in the bond before us in the court below was had on December 22, 1905, and we are of opinion that they should not be held for interest beyond the penalty of the bond except after that date, since there is nothing in the stipulation to show that they were previously notified of the default of the principal. On that day there was due on the amount paid by the city March 18, 1901, in satisfaction of said judgment, $2,841.45, and in interest on said payment to that date $664.85, and in items of costs and expenses which it is stipulated were paid by the city in that case, $1,264.75, or a total of $4,771, which is less than the penalty of the bond. To that

is to be added interest from the time said suit was begun to this date on $2,841.45, which we find to be $2,250, making a total for which plaintiff may recover of $7,021. In such a case this court may compute the interest. *Whittemore v. People,* 227 Ill. 453, on p. 476; *Ives v. Muhlenburg,* 135 Ill. App. 517, on p. 524; *Straus v. Citizens State Bank,* 164 Ill. App. 420, on p. 432. The reason for the rule is stated in *People v. Board of Sup'rs of Madison County,* 125 Ill. 9, on p. 21.

There will therefore be a judgment in debt in favor of the City of Aurora and against E. H. Keeler and T. D. Reber, the sureties, for the sum of $5,000 debt and $7,021 damages, the debt to be satisfied upon payment of the damages, and execution to issue for the collection of the damages and costs.

Judgment reversed and judgment here for plaintiff in error.

*Reversed with finding of facts.*

Finding of facts to be inserted in the judgment. We find from the evidence that plaintiff is entitled to recover from defendants E. H. Keeler and T. D. Reber its debt, in the sum of $5,000, and its damages in the sum of $7,021, and that said damages in excess of the penalty of the bond sued on are made up of interest on the sum of $2,841.45, paid by plaintiff in satisfaction of the judgment in *John H. Scott v. City of Aurora,* accruing after said defendants Keeler and Reber had been served with summons in this cause in the court below and after they unlawfully withheld payment of said $2,841.45 which the bond sued on required them to pay; that execution issue for said damages in the sum of $7,021 and costs, and that the debt be satisfied upon the payment of said damages,